IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| HOLY LAND FOUNDATION FOR | § | |
| RELIEF AND DEVELOPMENT (1) | § | |
|     also known as the "HLF" | § | NO. 3:04-CR-240-G |
| SHUKRI ABU BAKER (2) | § | |
| MOHAMMAD EL-MEZAIN (3) | § | |
| GHASSAN ELASHI (4) | § | |
| MUFID ABDULQADER (7) | § | |
| ABDULRAHMAN ODEH (8) | § | |

## DEFENDANTS' JOINT MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE INDICTMENTS AND CONVICTIONS OF THIRD-PARTIES FROM TRIAL

HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT (HLF),

SHUKRI ABU BAKER, MOHAMMAD EL-MEZAIN, GHASSAN ELASHI, MUFID

ABDULQADER AND ABDULRAHMAN ODEH, defendants in the above entitled and

numbered cause, through their undersigned attorneys, respectfully move the Court to

exclude from trial evidence of judgments of conviction and indictments related to persons

other than the defendants which the government intends to introduce at trial.

## DISCUSSION

The government's exhibit list includes "criminal histories" and indictments

related to individuals other than the defendants, which the government intends to

introduce at trial. *See* Government's Exhibit List at 37, Dkt. 641 (filed May 21, 2007)

(describing exhibits 006-0090 through 006-0103). In its trial brief, the government

describes these documents as relating to the Israeli prosecutions of certain persons for

being alleged members of Hamas. Government's Trial Brief at 43-44, Dkt. 656 (filed

May 29, 2007).  The government indicates it intends to introduce these documents to

prove a fact essential to sustain the convictions (or indictments) against those persons,

namely that they are members of Hamas.  *Id.* at 44; *see also* Government's Response in

Opposition to Defendants' Joint Motion in Limine to Exclude Evidence at 25-26, Dkt.

593 (filed March 22, 2007).  The government asserts that this evidence is relevant to

prove that the recipients of HLF's aid, either the zakat committees or others, were part of

Hamas.  *Id.*

        The government recognizes that its proposed evidence is hearsay.  Government's

Trial Brief at 44.  Nonetheless, it asserts that the criminal histories and indictments are

admissible as public records under Fed. R. Evid. 803(8).  The government's argument is

fundamentally flawed.  With respect to the indictments, the law is clear that criminal

indictments---which merely accuse a person of committing a criminal act---are not

evidence of that person's guilt or of any fact necessary to support a finding of guilt.  With

respect to both the criminal histories and the indictments, the rule governing their use in

this case is Fed. R. Evid. 803(22)---which specifically addresses the use of evidence of a

previous conviction to prove a fact underlying that conviction.  By its explicit terms, that

rule does *not* allow the government to introduce evidence of the convictions of persons

other than the accused in a criminal case to prove any fact essential to sustain those

convictions.  The cases the government cites in support of its theory of admissibility are

inapposite as they relate to the use of a criminal defendant's own prior convictions

merely to prove the fact of the conviction and not the defendant's underlying guilt.

I.    **The fact that the Government of Israel charged a particular person with being a member of Hamas cannot be used to prove that the person was in fact a member of that organization.**

The government proposes to introduce certified copies of criminal indictments to prove that the persons indicted are guilty of the offense charged and, thus, that an essential fact underlying their guilt---membership in Hamas---is true.  Government's Trial Brief at 45.  This evidence is not only inadmissible hearsay, but its proposed admission is also contrary to the well-established principle that an indictment is not evidence of guilt.

"An indictment is merely a charge and does not constitute evidence of guilt." *United States v. Williams*, 22 F.3d 580, 582 (5th Cir. 1994).  Except in limited circumstances, not applicable here, an arrest or indictment cannot even be used for impeachment purposes.  *See Vega v. Johnson*, 149 F.3d 354, 363 (5th Cir. 1998) ("The existence of an indictment, as opposed to a conviction, is not generally admissible to impeach.").  The rationale for that rule is that a mere charge of criminal conduct "does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness.  It happens to the innocent as well as the guilty.  Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Michelson v. United States*, 335 U.S. 469, 482 (1948).

The rationale for prohibiting impeachment of a witness with an accusation of criminal conduct, "applies with at least equal force when, as here, evidence of arrest or charge is introduced not merely to impeach but to establish the actual occurrence of the offense to which the arrest or charge pertained." *Jordan v. Medley*, 711 F.2d 211, 218 (D.C. Cir. 1983); *see also* 4 Federal Evidence § 8:106 (3d ed. 2007) (noting that Fed. R.

Evid. 803(22), which allows admission of evidence of a criminal conviction to prove a fact underlying that conviction under certain circumstances, does not apply to "arrests or charges, which are much weaker indicators of underlying facts because they show only that law enforcement officers (or prosecutors or grand juries) thought someone committed a crime and that there was enough evidence to justify arrest (or charges or trial)") (footnote omitted). Under this clear precedent, this Court must prohibit the government from introducing into evidence criminal indictments to prove the guilt of the person indicted or the truth of any fact necessary to sustain a finding of guilt.[1]

**II.**     **Evidence that persons other than the defendants were charged or convicted of offenses relating to membership in Hamas is inadmissible to prove that those persons are in fact members of Hamas.**

The government has notified the defendants and this Court that it seeks to introduce evidence that persons other than the defendants were charged or convicted of offenses relating to membership in Hamas through the "public records" exception to the prohibition against hearsay, Fed. R. Evid. 803(8). Where evidence of a prior conviction is offered to prove the guilt of the person convicted or the truth of any fact underlying that conviction, however, the applicable rule is Fed. R. Evid. 803(22). *See United States.*

---

[1] Because the indictments are replete with factual allegations much like the indictment filed in the present case, their admission is objectionable on other grounds unique to each indictment. *See, e.g.*, Fed. R. Evid. 403 (permitting exclusion of evidence where its probative value is substantially outweighed by the danger of unfair prejudice and jury confusion); *United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995) (upholding exclusion of state court judgment under Rule 403 as "[t]here was no indication how the Texas court made its findings or what evidence it relied upon. Further, the district court believed that there was a risk that the jury would give the judgment undue emphasis or would be confused by additional testimony concerning the Texas proceeding.").

Defendants are not raising those objections here because they are fact-specific and this Court has previously indicated an unwillingness to address such objections prior to trial. The omission of these objections from this pleading is not a waiver of those arguments, however, and the defendants intend to raise them, if necessary, at a later time.

*v. Perlmuter,* 693 F.2d 1290, 1293-94 (9th Cir. 1982) (noting that Rule 803(22) applies when a conviction is offered to prove a fact essential to the conviction, whereas Rule 803(8) applies when a conviction is offered simply to prove the fact of the conviction); 4 Federal Evidence § 8:106 (3d ed. 2007) (same).

> Rule 803(22) provides:
>
> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> …
>
> (22) Judgment of previous conviction.  Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment, ***but not including, when offered by the Government in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused.*** The pendency of an appeal may be shown but does not affect admissibility.

(emphasis added).

As the Fifth Circuit has repeatedly recognized, evidence of criminal judgments against persons other than the defendant may not be admitted to prove the person's guilt or to prove any fact necessary to the judgment. *See United States v. Diaz*, 936 F.2d 786, 788 (5th Cir. 1991) (alien's guilty plea to the charge of being present in United States without proper documentation could not be used to prove the alien's status in prosecution of defendant for transporting undocumented aliens); *United States v. Crispin*, 757 F.2d 611, 613 (5th Cir. 1985) (judgments of conviction of aliens for offense of unlawfully entering United States were erroneously admitted in prosecution for conspiracy to move within United States an alien present in United States in violation of the law where sole purpose was to prove illegal status of aliens).

As the Fifth Circuit noted in *Crispin*:

> Violation of Rule 803(22) threatens two important constitutional interests. First, to the extent that the judgment of conviction reflects another jury's verdict embracing a finding on an element of an offense before the jury to whom the judgment is offered, it trenches upon a defendant's due process right to have the government prove every element of the offense with which he is charged. In short, the jury will certainly be influenced by, and may defer to, a finding of another jury, substituting the prior finding for the required evidence. Second, to the extent that the judgment of conviction reflects a guilty plea-equivalent to a testimonial admission of guilt-it trenches upon a defendant's right to confront his accusers. In this case, for example, the judgments reflect admissions by nine of the arrested persons that they were in this country illegally, an essential element of the offense charged against Crispin; yet, Crispin was unable to challenge by courtroom examination this assertion.

*Crispin*, 757 F.2d at 613 n.1. Under the clear wording of Rule 803(22) and the holdings of *Crispin* and *Diaz*, the government cannot use evidence of the Israeli convictions to prove that the convicted persons are members of Hamas.

The cases the government cited in its trial brief are inapposite for two reasons. First, both cases addressed the admission of evidence of the defendant's own prior convictions. *See United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999) (reviewing for plain error the admission of court minutes reflecting a guilty plea by a person with same name as the defendant); *United States v. Perlmuter*, 693 F.2d 1290, 1292 (9th Cir. 1982) (discussing document purporting to list four convictions entered against the defendant in Israel). This is permissible under Rule 803(22). In the present case, however, the government is seeking to introduce evidence of the convictions of persons other than the defendants. This is not permissible under the rule.

Second, in *Perlmuter*, the evidence of the prior convictions was offered to prove simply that the defendant had previously been convicted and not to prove that he was guilty of the offenses charged or to prove the truth of any fact essential to those

6

convictions. *See Perlmuter*, 693 F.2d at 1292 (evidence of prior convictions offered to prove that the defendant "misstated orally and on his Application to File Petition for Naturalization that he had not been convicted of any offenses other than traffic violations"). The purpose for which the government introduced the defendant's prior conviction in *Cantu* is unclear, although it appears it was offered to prove his intent or knowledge, as the defendant had earlier pleaded guilty to a similar offense. *See Cantu*, 167 F.3d at 204. By contrast to both cases, the government in the present prosecution intends to offer evidence of the convictions of non-defendants to prove that the person convicted was guilty of the offense charged and that a fact essential to that conviction is true. This purpose clearly brings the evidence within the purview of Rule 803(22).

The evidence the government seeks to admit cannot be admitted against these defendants absent a showing that the evidence both satisfies an exception to the prohibition against hearsay and the defendants' constitutional rights to confront the witnesses against them. *Cf. United States v. Jimenez-Lopez*, 873 F.2d 769, 773 (5th Cir. 1989) (noting that in *Perlmuter*, the defendant's "hearsay objection was an independent, separate, and sufficient reason to find the document inadmissible" aside from issues related to the authenticity of the documents). Documents prepared by officials of foreign governments are subject to the requirements of the Sixth Amendment Confrontation Clause as well as the Rules of Evidence. *United States v. Chu Kong Yin*, 935 F.2d 990, 996-97 (9th Cir. 1991) ("The admissibility of evidence in a United States district court is controlled by governing constitutional principles and the Federal Rules of Evidence. ... We cannot apply the rules of evidence that may be applicable in foreign nations. Assuming arguendo that Hong Kong officials do not compile contemporaneous records

of criminal judgments, a proposition for which the government offers no evidentiary or legal support, public documents prepared by Hong Kong officials, when offered into evidence in the courts of the United States, are subject to the requirements of the sixth amendment's confrontation clause.") (citations omitted).

It is beyond cavil that an indictment---the sole purpose of which is to formally accuse a person of criminal conduct---is testimonial within the meaning of *Crawford v. Washington*, 541 U.S. 36 (2004), and *Davis v. Washington*, 126 S. Ct. 2266 (2006). As suggested in *Crispin*, a judgment of conviction predicated upon a guilty plea is likewise testimonial. *Crispin*, 757 F.2d at 613 n.1 ("to the extent that the judgment of conviction reflects a guilty plea-equivalent to a testimonial admission of guilt-it trenches upon a defendant's right to confront his accusers"); *see also United States v. McClain*, 377 F.3d 219, 221-22 (2d Cir. 2004), opinion supplemented, 108 Fed. Appx. 670 (2d Cir. 2004) ("[I]t is clear that a plea allocution constitutes testimony, as it is formally given in court, under oath, and in response to questions by the court or prosecutor ... Therefore, a plea allocution by a co-conspirator who does not testify at trial may not be introduced as substantive evidence against a defendant unless the co-conspirator is unavailable and there has been a prior opportunity for cross-examination."); *United States v. Massino*, 319 F. Supp. 2d 295, 298 (E.D. N.Y. 2004) (co-defendant's guilty pleas are testimonial). Under the principles enunciated in both *Crawford* and *Davis*, when used to prove the truth of facts essential to the judgment, a judgment of conviction predicated upon a trial also constitutes testimonial evidence. *See Crawford*, 541 U.S. at 52 (noting as falling within the "core class" of testimonial hearsay "extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or

confessions"). Because the criminal histories are being offered by the government to prove a fact essential to the convictions those histories describe, they are inadmissible hearsay and their admission would violate the defendants' rights to confront the witnesses against them.

Finally, the government must not be permitted to introduce this inadmissible hearsay through the backdoor of its expert testimony. An expert opinion that is nothing more than a recitation of otherwise inadmissible hearsay is simply not valid. *See Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1062 (9th Cir. 2003) (district court properly refused to admit expert testimony predicated upon inadmissible hearsay); *Plourde v. Gladstone*, 190 F. Supp. 2d 708, 720-21 (D. Vt. 2002) (expert opinion inadmissible when it "amounts to nothing more than inadmissible 'hearsay in disguise' under Rule 703"; citing cases), *aff'd mem.*, 69 Fed. Appx. 485 (2d Cir. 2003); *Law v. Nat'l Collegiate Athletic Ass'n*, 185 F.R.D. 324, 341 (D. Kan. 1999) (same); *United States v. Paracha*, 2006 WL 12768, *22 (S.D.N.Y. 2006) (unpublished decision) ("what the government may not do is use its expert to provide a summary of factual evidence regarding the specific individuals alleged to be co-conspirators in this case").

## CONCLUSION

WHEREFORE, Defendants respectfully move the Court to exclude from trial evidence of indictments and judgments of conviction related to persons other than the defendants which the government intends to introduce at trial.

Respectfully submitted,

/s/ Nancy Hollander
NANCY HOLLANDER
New Mexico Bar Card No. 1185
Email: nh@fbdlaw.com
JOHN W. BOYD
New Mexico Bar Card No. 286
Email: jwb@fbdlaw.com
THERESA M. DUNCAN
New Mexico Bar Card No. 12444
Email: tmd@fbdlaw.com
FREEDMAN BOYD DANIELS
HOLLANDER GOLDBERG & IVES P.A.
20 First Plaza, Suite 700
Albuquerque, New Mexico 87102
Office: 505.842.9960
Fax: 505.842.0697
ATTORNEYS FOR DEFENDANTS
HLF (01) & SHUKRI ABU BAKER (02)

JOSHUA L. DRATEL
New York Bar Card No. 1795954
Law Office Of Joshua L. Dratel
2 Wall St.
3rd Floor
New York, NY 10005
Office: 212.732.0707
Email: jdratel@joshuadratel.com
ATTORNEY FOR DEFENDANT
MOHAMMAD EL-MEZAIN (03)

LINDA MORENO
Florida Bar 0112283
LINDA MORENO, P.A.
P.O. Box 10985
Tampa, Fl 33679
Office: 813.247.4500
Email: linbianca@aol.com
ATTORNEY FOR DEFENDANT
GHASSAN ELASHI (04)

MARLO P. CADEDDU
Texas Bar Card No. 24028839

LAW OFFICE OF MARLO P. CADEDDU,
P.C.
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Office: 214.220.9000
Fax: 214.744.3015
Email: cadeddulaw@sbcglobal.net
ATTORNEY FOR DEFENDANT
MUFID ABDULQADER (07)

GREG WESTFALL
Texas Bar Card No. 00788646
WESTFALL, PLATT & CUTRER
101 Summit Avenue, #910
Fort Worth, TX 76102
Office: 817.877.1700
Fax: 817.877.1710
Email: westfall@wpcfirm.com
ATTORNEY FOR DEFENDANT
ABDULRAHMAN ODEH (08)

## CERTIFICATE OF CONFERENCE

I certify that counsel has previously discussed the relief requested in the instant motion with Mr. James Jacks, Assistant United States Attorney and he is opposed to this relief.

/s/ Nancy Hollander
NANCY HOLLANDER

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Nancy Hollander
NANCY HOLLANDER