IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
<u>DALLAS DIVISION</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CR NO. 3:04-CR-240-G |
| | § | |
| HOLY LAND FOUNDATION | § | |
| FOR RELIEF AND DEVELOPMENT, | § | |
| also known as the "HLF" (01) | § | |
| SHUKRI ABU BAKER,   (02) | § | ECF |
| MOHAMMED EL-MEZAIN, (03) | § | |
| GHASSAN ELASHI, (04) | § | |
| HAITHAM MAGHAWRI,  (05) | § | |
| AKRAM MISHAL,  (06) | § | |
| MUFID ABDULQADER,   (07) and | § | |
| ABDULRAHMAN ODEH   (08) | § | |

**<u>GOVERNMENT'S RENEWED MOTION IN LIMINE</u>**

On March 14, 2007, the government filed its first motion in limine [ecf #585]. In that motion, the government noted its expectation that the defendants would seek to counter discussion of Hamas and its activities with argument and evidence regarding Israeli conduct that they feel legitimize or justify Hamas' activities. The government argued in that motion that any effort to encourage the jury to consider who is "right" in the political dispute between the Israelis and the Palestinians would be tantamount to jury nullification, since the issue before the jury is whether the defendants knowingly provided material support to Hamas in violation of law – regardless of the reason or purported justification. *See United States v. Edwards,* 303 F.3d 606, 632 (5th Cir. 2002)(citing

**GOVERNMENT'S RENEWED MOTION IN LIMINE - Page 1**

Blacks Law Dictionary, 862, 7th ed. 1999) (jury nullification is "a juror's knowing and deliberate rejection of the evidence or refusal to apply the law either because the juror wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the juror's sense of justice, morality or fairness").

In their opposition to the government's motion, defendants expressed indignation at the suggestion that defendants would engage in such impermissible conduct: "Perhaps defendants have not made this clear enough for the government: the defense in this case will not be to legitimize or justify Hamas." Defendants' Joint Response to Government's Motion in Limine [ecf #590] at 4. Yet, after the first weeks of trial, it is clear that the defendants intend to posit the conduct of Israel as a counterweight to Hamas. This attempt to put Israel on trial can have no other purpose other than to encourage the jury to believe that support to Hamas is justified, contrary to the law that prohibits material support to any part of Hamas, including its social wing.

Defendants' intent was apparent in their opening statements. Ms. Hollander spoke of Israeli settlements "carved out of land that was Palestinian homeland, farms and orchards." Transcript, Vol. 1, at 58. Ms. Hollander stressed other perceived injustices throughout her opening, including how Israel "crushed Palestinians' boycott of products and "destroyed all their gardens." *Id.* at 59. Ms. Moreno spoke about "violence done to the Palestinians in general and specifically to children," *Id.* at 77-78, and "homes

**GOVERNMENT'S RENEWED MOTION IN LIMINE - Page 2**

bulldozed to the ground without any trial or suspicion." *Id.* at 78.  During the cross-examination of Dr. Levitt, defense counsel asked about Jewish settlements, Israeli roadblocks, Baruch Goldstein, and "Kach," and "Khane Chai," designated terrorist organizations having nothing to do with the allegations of this case.  Ms. Hollander asked a series of questions about whether "Israel is a religious state," and whether "anybody who can prove they are Jewish anywhere in the world can get Israeli citizenship." Transcript of Dr. Levitt at 199.

     Defendants claim they want only to show "that the defendants provided humanitarian aid to people in those areas to alleviate suffering, not to support Hamas." Def. Joint Response to Govt. Motion in Limine at 6.  But defendants' continual efforts to establish the cause of this suffering and to assign responsibility to Israel has no relevance to any possible defense in this case.  Knowingly providing support to any part of Hamas is against the law, regardless of who or what caused the humanitarian need that defendants claim motivated their actions.  The only possible purpose behind defendants' efforts to establish Israel as the aggressor and wrong-doer in the Middle East conflict is to justify Hamas' actions in the minds of the jurors, and to encourage the jurors to ignore the law.  Defendants' plan is the essence of jury nullification. *See U.S. v. Edwards, supra*.

     In another terrorism related case, the Second Circuit affirmed the trial court's exclusion of the defendant's proffered expert testimony concerning the human rights record of Egypt as well as testimony pertaining to the relationship between the United

States and Egypt as allegedly perceived by the defendant. In *United States v. Rahman*, 189 F.3d 88, 137-38 (2nd Cir.) *cert. denied sub. nom*, 120 S. Ct. 439 (1999), the defendant, the so-called "Blind Sheik", was charged with seditious conspiracy and other offenses arising from alleged plots to bomb office buildings, tunnels and bridges in New York City. The defendant sought to present, through expert witnesses, evidence indicating that the Egyptian government engaged in human rights abuses including the detention, arrest, and execution of dissidents. *Id*. at 137. The defendant sought to show that those circumstances were a reason for his desire to bring "an Islamic government to Egypt by any means necessary[.]" *Id*. The trial judge ruled that such evidence was irrelevant to the proceedings and did not entitle the defendant to engage in the activity of which he was accused. The court stated that "to allow jurors to hear such evidence would distract them from the issues on which they needed to pass". *Id*. at 138.

Likewise, in this case, the actions of the Israeli government are not relevant to the determination of any of the issues or elements that must be determined. As stated above, to allow the jurors to hear evidence regarding actions taken by the government of Israel, would tend to confuse and mislead the jurors and distract them from considering the issues which they should consider in attempting to reach a verdict with regard to the offenses charged in this case. If the defendants were to seek to introduce evidence of actions taken by the Israeli government, the government would seem to be entitled to present evidence demonstrating the reason(s) for the action of the government including

the context in which such actions were taken. Such an expansion of the scope of the trial's focus is one of the main reasons that such evidence has no place before the jury.

For the above reasons, the government requests that the court prevent the defendants from introducing, through the questioning of witnesses or the introduction of evidence, evidence of who bears what responsibility in the Israeli-Palestinian conflict as well as actions of the government of Israel that are not relevant to the issues to be determined in this case.

Respectfully submitted,

RICHARD B. ROPER
United States Attorney

By: */s/ James T. Jacks*
JAMES T. JACKS
Assistant United States Attorney
1100 Commerce St., Third Floor
Dallas, Texas 75242
214.659.8600
214.767.2846 (facsimile)
Texas State Bar No. 10449500
jim.jacks@usdoj.gov

CERTIFICATE OF CONFERENCE

The government has previously conferred with counsel for the defendants regarding this issue and this motion and can state that the defendants are opposed to this motion.

*/s/ James T. Jacks*
JAMES T. JACKS
Assistant United States Attorney

**GOVERNMENT'S RENEWED MOTION IN LIMINE - Page 5**

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2007, I served a copy of the above with all attachments upon all defense counsel via electronic mail.

Linda Moreno
2403 N. Washington Ave., 320
Dallas, TX. 75204

John D. Cline
Jones Day
555 California St., 26th Floor
San Francisco, CA. 94104-1500

Joshua L Dratel
Aaron J. Mysliwiec
Law Office of Joshua L Dratel
2 Wall St, 3rd Floor
New York, NY 10005

Nancy Hollander
Freedman Boyd Daniels Hollander
Goldberg & Ives
20 First Plaza, Suite 700
Albuquerque, NM 87102

Marlo P Cadeddu
Law Office of Marlo P Cadeddu
3232 McKinney Ave, Suite 700
Dallas, TX 75204

John W. Boyd
Theresa Duncan
Freedman Boyd Daniels Hollander
Goldberg & Ives
20 First Plaza, Suite 700
Albuquerque, NM 87102

Greg Westfall
Westfall Platt & Cutrer
Mallick Tower
One Summit Ave, Suite 910
Fort Worth, TX 76102

      /s/ *James T. Jacks*
      JAMES T. JACKS
      Assistant United States Attorney