IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | |
| HOLY LAND FOUNDATION FOR | § | 3:04-CR- 240- P |
| RELIEF AND DEVELOPMENT (1) | § | |
|     also known as the "HLF" | § | |
| SHUKRI ABU BAKER (2) | § | |
| MOHAMMAD EL-MEZAIN (3) | § | |
| GHASSAN ELASHI (4) | § | |
| MUFID ABDULQADER (7) | § | |
| ABDULRAHAM ODEH (8) | § | |

**DEFENDANTS' JOINT MOTION TO PRECLUDE TESTIMONY OF
STEVEN SIMON REGARDING THE REASONS WHY HAMAS
<u>WAS DESIGNATED A FOREIGN TERRORIST ORGANIZATION</u>**

**INTRODUCTION**

As detailed below, the proposed testimony of prospective government witness Steven Simon should be precluded because it does not address any issue relevant to the charges in this case. Rather, the proposed testimony is of a character that, consistent with the statutory language and Congressional intent, has been expressly *excluded* from other "material support" prosecutions. In that context, the absence of relevance and probative value renders such testimony inadmissible pursuant to Fed. R. Evid. 401, 402, and 402.

Defendants herein have been charged with conspiracy to provide and providing material support and resources to Hamas in violation of 18 U.S.C. §2339B(a)(1). Hamas has been designated by the United States Secretary of State as a Foreign Terrorist Organization (hereinafter "FTO"). At trial, through Mr. Simon, the government seeks not only to present

testimony of the fact of that designation – unquestionably an element of the offense and therefore relevant – but also testimony from Mr. Simon regarding *why* Hamas was so designated.

The same analysis applies to Counts Eleven through Twenty-One, which allege violations of the International Emergency Economic Powers Act (hereinafter "IEEPA") based on Hamas's designation as a Specially Designated Terrorist (hereinafter "SDT") pursuant to Executive Order 12947.

However, such testimony is not admissible because the reasons for, or even the validity of an FTO designation, do not constitute an element of the offense, and are not otherwise relevant to a prosecution under §2339B. Indeed, criminal defendants who have attempted to challenge the propriety of an FTO designation in the context of a criminal prosecution have been uniformly denied that opportunity because, as the statutory framework, the case law, and the underlying legislative history dictate, that is not an issue *at all* for juries to consider. Thus, the reasons *why* Hamas was designated an FTO are neither relevant nor admissible herein. Moreover, any testimony about the FTO designation process that would extend beyond the fact of the designation itself would be unduly prejudicial, would serve only to confuse and mislead the jury as to the issues in the case, and should be precluded under Rule 403.

## ARGUMENT

**TESTIMONY WHY HAMAS WAS DESIGNATED
AN FTO SHOULD BE PRELUDED BECAUSE
THE REASONS FOR HAMAS'S DESIGNATION
<u>ARE NOT PROPERLY AT ISSUE IN THIS CASE</u>**

**A.**   *The Reasons Why Hamas Was Designated an FTO Do Not Constitute An
Element of the Charged Offense(s), and Are Not a Proper Subject of Testimony*

In its Witness List circulated August 29, 2008 (Document 1160), the government

provided the following rationale for Mr. Simon's testimony: "Mr. Simon will testify about the reasons why Hamas was designated as a terrorist organization by the United States Government." However, that is not a proper subject for testimony at this trial.

The Indictment alleges that defendants violated 18 U.S.C. § 2339B. Counts One, and Counts Two through Ten, respectively, charge defendants with "conspiracy to provide material support to a foreign terrorist organization" and "providing material support to a foreign terrorist organization" in violation of 18 U.S.C. §2339B(a)(1).[1] A person who "knowingly provides material support or resources to a foreign terrorist organization, or . . . conspires to do so," is in violation of §2339B(a)(1) if that person also possesses:

> *knowledge that the organization is a designated terrorist organization* (as defined in subsection (g)(6) [meaning an organization designated as a terrorist organization under Section 219 of the Immigration and Nationality Act]), *that the organization has engaged in or engages in terrorist activity* (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act) *or that the organization has engaged in or engages in terrorism* (as defined in section 140(d)(2) of the Foreign Relations Authorization Act Fiscal Years 1988 and 1989).

§2339B(a)(1) (emphasis added).

Thus, as the plain language of §2339B(a)(1) demonstrates, to establish that a defendant provided or conspired to provide material support to an FTO in violation of §2339B(a)(1), the government must prove the following elements (in addition to the knowing provision of material support): (a) the *fact* of that FTO designation; and (2) that the defendant knew of that FTO

---

[1] As noted **ante**, the same principles and analysis apply to Hamas's designation as an SDT under EO 12947 and IEEPA. That, too, is irrelevant, on the same ground as testimony about the FTO designation: the reasons for the SDT designation is not an element, defendants have no ability to challenge the designation, and, therefore, the government should not be permitted to explain the reasons for it.

3

designation (or knew of the terrorist activities of that organization). The *reason(s)* for the designation, though, do not constitute an element of proving a violation of § 2339B(a)(1). *See United States v. Taleb-Jedi*, ___ F. Supp. 2d __, 2008 WL 2832183 at *9 (E.D.N.Y. July 23, 2008), *citing United States v. Hammoud*, 381 F. 3d 316, 331 (4th Cir. 2004), *vacated on other grounds*, 543 U.S.1097 (2005), *reinstated in part,* 405 F.3d 1034 (4th Cir. 2005) ("Congress has provided that the *fact* of an organization's designation as an FTO is an element of § 2339B, but the *validity* of the designation is not"). *See also McMillan v. Pennsylvania*, 477 U.S. 79, 85 (1986) (the "legislature's definition of the elements of the offense is usually dispositive").

Uncontroverted case law is consistent with the unambiguous language of §2339B(a)(1) in providing that the basis for an FTO designation is not relevant to proving the elements of §2339B. For example, most recently, in *Taleb-Jebi*, after surveying the case law, the Court concluded that when an organization has been designated an FTO under §219 of the Immigration and Nationality Act (hereinafter "INA"), and the proof establishes that the defendant provided material support to that organization, that defendant "meets the first element of [§2339B(a)(1)], and it is irrelevant whether the designation is valid or not." *Taleb-Jedi*, 2008 WL 2832183, at *10; *see also. United States v. Sattar*, 272 F. Supp. 2d 348, 367 (S.D.N.Y. 2003) ("the element of the offense is the designation of [the organization] as an FTO, not the correctness of the determination, and the Government would be required to prove at trial that [the organization] was in fact designated as an FTO").

In *Sattar*, the Court explained why the underlying basis for the designation is not pertinent in a §2339B prosecution:

> [t]he designation of [the organization] as an FTO had no effect on
> the defendants. While the defendants can challenge the allegation

>that they violated § 2339B by providing material support to an FTO or could contest that [the organization] was, in fact, designated as an FTO, they cannot assert the due process claims of the FTO and challenge the underlying designation. *The element at issue in this case is simply whether [the organization] was designated as an FTO, and the defendants thereafter knowingly provided, or conspired to provide, material support or assistance to it, not whether the Secretary of State correctly designated [the organization] as an FTO.*

*Taleb-Jedi*, 2008 WL 2832183, at \*9 (*quoting Sattar*, 272 F. Supp. 2d at 364-365) (emphasis added).

Similarly, in *United States v. Afshari*, 426 F. 3d 1150 (9th Cir. 2005), the Ninth Circuit pointed out that "under § 2339B, if defendants provided material support for an organization that has been designated as a terrorist organization...they commit the crime, and it does not matter whether the designation is correct or not." *Id.*, at 1155-56.

As a result, the factors that justify the designation are neither necessary nor germane, and the government need not provide testimony as to the nature of the designated FTO in order to establish the elements of the charged offense. Ultimately, with regard to the designation of an FTO, the "only element that the Government needs to prove is that the [FTO] was designated as an FTO during the time period covered in the Indictment." *Id.* at 11. Any testimony regarding reasons, such as that proffered with respect to Mr. Simon, is entirely irrelevant.

**B.**    ***Congressional Intent, Confirmed By Subsequent Case Law, Establishes That the Reasons for and Validity of an FTO Desigation Are Not Proper Subjects for a Jury***

Congressional intent also removes the validity of an FTO designation from a criminal jury's consideration. For example, 8 U.S.C. §1189(a)(8) provides that "a defendant in a criminal action . . . shall not be permitted to raise any question concerning the validity of the issuance of [an FTO] designation as a defense or an objection at any trial or hearing." *See Taleb-Jedi*, 2008

WL 2832183, at *4; *Sattar*, 272 F. Supp at 362-363.

In *Taleb-Jedi*, when the defendant sought to challenge the FTO designation of the organization in that case, the Court held that §1189(a)(8) precluded the defendant from raising at trial whether the designation was correct and/or constitutional. *Taleb-Jedi*, 2008 WL 2832183, at *4, *6. ("a defendant in a criminal action under § 2339B is precluded from raising any issue concerning the validity of the organization's designation as an FTO during his or her criminal proceedings").[2] Of course, such preclusion presupposes that the issue is not relevant or capable of contest. Therefore, symmetrically, the issue is not relevant for the government to explore, either.

In *Taleb-Jedi*, the Court explained the Congressional intent underlying the prohibition on raising the *bona fides* of the designation issue at trial, pointing out that §1189(a)(8) was enacted because "Congress delegated the authority to make such distinctions [as to whether to characterize an organization as a terrorist organization] to the Secretary of State and specifically took this policymaking 'out of the hands of United States Attorneys and juries.'" *Taleb-Jedi*, 2008 WL 2832183, at *10; *see also Afshari*, 426 F. 3d at 1155 ("Congress clearly chose to delegate policymaking authority to the President and Department of State with respect to designation of terrorist organizations, and to keep such policy making authority out of the hands of United States Attorneys and juries").

In that context, Congress has gone to great pains in 8 U.S.C. § 1189[3] to set forth

---

[2] Here, defendants did not at any point in the first trial seek to contest or raise the issue of the propriety of Hamas's designation. Nor will it be contested during the retrial.

[3] As set forth in the Superceding Indictment, Hamas was designated an FTO under §219 of the INA, which, as amended, is codified at 8 U.S.C. § 1189, and entitled "Designation of

procedure as to who can determine an FTO designation, who can challenge it, and who can evaluate it once it is made. As the Ninth Circuit concluded in *Afshari*, "§1189(a)(1) sets out a carefully articulated scheme for designating foreign terrorist organizations." 426 F. 3d at 1154. Under that scheme, the Secretary of State is afforded authority to make specific findings that the organization is a foreign organization that engages in terrorist activity as defined by 8 U.S.C. § 1182(a)(3)(B). *See* 8 U.S.C. § 1189(a)(1)[.]" *Id.* Once an FTO designation is made, Congress permits the designated organization to seek judicial review of the designation *only* before the Court of Appeals for the District of Columbia Circuit. *See* 8 U.S.C. § 1189(c)(1).

In addition, Congress or the Secretary can revoke a designation, but with the exception of the D.C. Circuit, matters pertaining to designation are wholly out of the hands of the judiciary. *See* 8 U.S.C. § 1189(a)(5) & (6). Moreover, the validity of a designation is at all times out of the hands of juries, defendants, and prosecutors. *See generally* 8 U.S.C. § 1189; *Taleb-Jedi* , 2008 WL 2832183, at *10. *See also Afshari*, 426 F. 3d at 1155.

Accordingly, Congress not only intended for defendants to be unable to raise the issue of the validity of an FTO's designation at trial, but intended that the validity of an FTO designation be precluded from a criminal trial *entirely*.

C. *The Lack of Relevance of Testimony Regarding the Reasons for Hamas's FTO Designation Renders Such Testimony Inadmissible, and Unduly Prejudicial, Under Fed. R. Evid. 401, 402, and 403*

Rule 401 of the Federal Rules of Evidence defines "relevant" evidence as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

---

Foreign Terrorist Organizations."

evidence." FED. R. EVID. 401. Rule 402 requires the exclusion of irrelevant evidence. FED. R. EVID. 402.

As the Fifth Circuit has stated, "[e]vidence in criminal trials must be 'strictly relevant to the particular offense charged.'" *United States v. Anderson*, 933 F.2d 1261, 1267-68 (5th Cir. 1991), *quoting Williams v. New York*, 337 U.S. 241, 247 (1949). *See also United States v. Hays*, 872 F.2d 582, 587 (5th Cir. 1989) (noting that appellate review of evidentiary rulings in criminal cases is "necessarily heightened"). As a result, "[t]he admission of irrelevant facts that have a prejudicial tendency is fatal to a conviction, even though there was sufficient evidence to sustain the verdict." *Id.*, quoting *United States v. Allison*, 474 F.2d 286, 289 (5th Cir. 1973).

Moreover, it is imperative that the government not be allowed to introduce evidence that is not only irrelevant to the charges, but which also is unduly prejudicial to the defendants. Rule 403 permits exclusion of relevant evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," or by "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

The Advisory Committee's notes to Rule 403 define "unfair prejudice" as "an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one." Consequently, the "major function [of Rule 403] is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).

Here, testimony as to the reasons for Hamas's FTO designation is not relevant as defined by FED. R. EVID. 401, must be excluded as irrelevant under FED. R. EVID. 402, and is unduly

prejudicial and should be precluded under FED. R. EVID. 403.

In order to qualify as relevant under FED. R. EVID. 401, testimony must "hav[e] *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. As has been established **ante**, the only fact relevant to Hamas's FTO designation is the fact of designation itself. *See e.g., Sattar*, 272 F. Supp. 2d at 367 ("the element of the offense is the designation, . . . the Government would be required to prove at trial that [Hamas] was in fact designated as an FTO").

In proving this fact, though, "it is irrelevant whether the designation is valid or not." *Taleb-Jedi*, 2008 WL 2832183, at *10. Thus, testimony regarding the reasons for Hamas's FTO designation, indeed anything about the designation that goes beyond the mere statement of fact that the organization has been designated as an FTO , has no tendency at all to make the fact of Hamas's designation more or less probable than it would be without such testimony. As a result, such testimony is clearly not relevant under FED. R. EVID. 401.

Likewise, testimony as to Hamas's designation that goes beyond the simple fact of the designation is obviously irrelevant under FED. R. EVID. 402. As demonstrated **ante**, all of the courts that have addressed the issue have precluded such evidence, and describe testimony that goes beyond the fact of a designation to the substance of that designation as "irrelevant," or state that the validity of a designation "does not matter." *See e.g., Taleb-Jedi*, 2008 WL 2832183, at *10 ( "it is irrelevant whether the designation is valid or not"); *Afshari*, 426 F. 3d at 1155-56 ("it does not matter whether the designation is correct or not").

Also, testimony regarding the reasons for Hamas's designation would be contrary to Rule

9

403. Under Rule 403, even *relevant* evidence is excluded when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," or by "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. Not only would testimony about the reasons for Hamas's designation that goes beyond the fact of the designation completely irrelevant, but: (1) it completely lacks probative value and is thus substantially outweighed by the danger of unfair prejudice; (2) it would mislead the jury to believe that the validity of Hamas' designation is at issue[4] and thus confuses the issues in the case;[5] (3) to the extent any of Mr. Simon's proffered testimony is relevant and admissible, it would be cumulative of Matthew Levitt's testimony, which will cover Hamas's history, evolution, structure, and activities; and (4) it would cause undue delay and is a waste of time because the reasons for Hamas's designation have no legitimate bearing on the outcome of this case.

In *McRae*, the Fifth Circuit made clear that Rule 403's function is designed to "exclud[e] matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." 593 F.2d at 707. Testimony about the reasons for Hamas's designation that goes beyond the fact of its designation as an FTO does not merely have scant probative force, it has no probative value whatsoever. Thus, such evidence is irrelevant, unduly prejudicial and should be precluded under Rule 403.

---

[4] As noted **ante**, at n.2, defendants do not dispute in any way Hamas's designation, or the reasons therefor.

[5] Testimony about the reasons underlying Hamas's designation could also unfairly buttress any significance of the subsequent designation of defendant Holy Land Foundation, should that latter designation be admitted in evidence.

## CONCLUSION

For all the reasons set forth above, it is respectfully submitted that the proffered testimony of Steven Simon, covering "the reasons why Hamas was designated as a terrorist organization by the United States Government[,]" is inadmissible and should be precluded in its entirety.

Respectfully submitted,

/s/ Joshua L. Dratel
JOSHUA L. DRATEL
New York Bar Card No. 1795954
Email: jdratel@joshuadratel.com
AARON J. MYSLIWIEC
New York Bar Card No. 4168670
Email: amysliwiec@joshuadratel.com
LAW OFFICES OF JOSHUA L. DRATEL, P.C.
2 Wall St.
3rd Floor
New York, NY 10005
Office: 212.732.0707
ATTORNEYS FOR DEFENDANT
MOHAMMAD EL-MEZAIN (03)


NANCY HOLLANDER
New Mexico Bar Card No. 1185
Email: nh@fbdlaw.com
JOHN W. BOYD
New Mexico Bar Card No. 286
Email: jwb@fbdlaw.com
THERESA M. DUNCAN
New Mexico Bar Card No. 12444
Email: tmd@fbdlaw.com
FREEDMAN BOYD DANIELS
HOLLANDER GOLDBERG & IVES P.A.
20 First Plaza, Suite 700
Albuquerque, New Mexico 87102

Office: 505.842.9960
Fax: 505.842.0697
ATTORNEYS FOR DEFENDANT
SHUKRI ABU BAKER (02)

LINDA MORENO
Florida Bar 0112283
LINDA MORENO, P.A.
P.O. Box 10985
Tampa, Fl 33679
Office: 813.247.4500
Email: linbianca@aol.com

JOHN D. CLINE
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104-1500
Office: (415) 875-5812
Email: jcline@jonesday.com

ATTORNEYS FOR DEFENDANT
GHASSAN ELASHI (04)

MARLO P. CADEDDU
Texas Bar Card No. 24028839
LAW OFFICE OF MARLO P. CADEDDU, P.C.
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Office: 214.220.9000
Fax: 214.744.3015
Email: cadeddulaw@sbcglobal.net
ATTORNEY FOR DEFENDANT
MUFID ABDULQADER (07)

GREG WESTFALL
Texas Bar Card No. 00788646
WESTFALL, PLATT & CUTRER
101 Summit Avenue, #910
Fort Worth, TX 76102
Office: 817.877.1700
Fax: 817.877.1710
Email: westfall@wpcfirm.com
ATTORNEY FOR DEFENDANT
ABDULRAHMAN ODEH (08)

CERTIFICATE OF CONFERENCE

      I hereby certify that I conferenced this Motion with counsel for the government and was informed that the government opposes the relief requested.

                                              /s/ Aaron J. Mysliwiec
                                              AARON J. MYSLIWIEC

CERTIFICATE OF SERVICE

      I hereby certify that on September 22, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                              /s/ Aaron J. Mysliwiec
                                              AARON J. MYSLIWIEC