```
18:00   1              IN THE UNITED STATES DISTRICT COURT

        2              FOR THE NORTHERN DISTRICT OF TEXAS

        3                        DALLAS DIVISION

        4
           UNITED STATES OF AMERICA      (    NUMBER 3: 04-240-G
        5                                (
                                         (
        6  VERSUS                        (
                                         (
        7                                (
           HOLY LAND FOUNDATION, ET AL.  (    October 17, 2007
        8

        9  _____
18:00
       10          CONFERENCE REGARDING JUROR WILLIAM NEAL
                      BEFORE THE HONORABLE A. JOE FISH
       11  _____

       12
           A P P E A R A N C E S:
       13

       14  For the Government:    MR. JIM JACKS
                                  MR. BARRY JONAS
       15                         MS. ELIZABETH SHAPIRO
                                  MR. NATHAN GARRETT
       16                         Assistant United States Attorney
                                  UNITED STATES DEPARTMENT OF JUSTICE
       17                         NORTHERN DISTRICT OF TEXAS
                                  U.S. Courthouse
       18                         1100 Commerce Street
                                  Dallas, Texas 75242
       19                              214/659-8600

       20
           For the Defendant Shukri Baker:
       21

       22                         MS. NANCY HOLLANDER
                                  MS. TERESA DUNCAN
       23                         FREEDMAN BOYD DANIELS
                                  HOLLANDER
       24                         20 First Plaza, Suite 700
                                  Albuquerque, NM 87102
       25                              505/842-9960
```

```
18:00  1    For the Defendant El-Mezain:

       2
                                  MR. JOSHUA DRATEL
       3                          MR. AARON J. MYSLIWIEC
                                  LAW OFFICE OF JOSHUA L. DRATEL
       4                          14 Wall Street, 28th Floor
                                  New York, NY 10005
       5                              212/732-0707

       6
            For the Defendant Mufid Abdulqader:
       7

       8                          MS. MARLO CADEDDU
18:00                             LAW OFFICE OF MARLO P. CADEDDU
       9                          3232 McKinney Avenue, Suite 700
                                  Dallas, Texas 75204
      10                              214/744-3015

      11    For the Defendant Elashi:

      12
                                  MS. LINDA MORENO
      13                          LAW OFFICE OF LINDA MORENO
                                  PO BOX 10985
      14                          Tampa, Florida 33679
                                      813-247-4500
      15
                                  MR. JOHN D. CLINE
      16                          Jones Day
                                  555 California St
      17                          26th Floor
                                  San Francisco, CA 94104-1500
      18                              415/875-5812

      19    For the Defendant Odeh:

      20                          MR. GREG WESTFALL
                                  WESTFALL PLATT CUTRER
      21                          Mallick Tower
                                  One Summit Avenue, Suite 910
      22                          Fort Worth, Texas 76102
                                      817/877-1700
      23

      24    Court Reporter:       Cassidi L. Casey, CSR No. 1703
                                  1100 Commerce Street, Rm 15D6L
      25                          Dallas, Texas 75242
                                      214-254-3139
```

P R O C E E D I N G S:

18:00    THE COURT: Good afternoon, Ladies and Gentlemen. I asked Ms. Piwoni to contact you and set up this conference because she said that she had received a request from Mr. Jacks for such a conference.

Mr. Jacks.

MR. JACKS: Judge, over the weekend Agent Burns -- She informed us this morning that she was at a sports bar watching the Texas-Oklahoma football game with lots of other people, and a lawyer that is an acquaintance of hers came up to her and said "I know one of the jurors on your case," and she asked, you know, who was it, and it was Mr. Neal according to this lawyer. And they were friends, and she indicated that she had told him back I 18:00 guess after he received his questionnaire something to the effect that, you know, when you fill out the questionnaire if you have any bias, make sure that you list those so that you don't have to serve on this long trial. There was other conversation. She indicated that she had talked to him I guess a couple of times after the trial had started. One time he made the comment about the lawyers were good, and he also made the comment one time that the evidence was boring. But I also believe that this lawyer -- this woman lawyer had told Ms. Burns that she had told him that the agent on that case is a friend of

18:00  1   mine, and I think she was complimentary of Ms. Burns.
        2           Mr. Garrett.
        3           MR. GARRETT: I took notes. Lara is outside I
        4   think if you want to talk to her, but I thought we would
        5   talk among us first, but I had her tell me the sequence of
        6   events, and I think Jim is right that during this even
        7   encounter at this sports bar she said "I know one of your
        8   jurors. His name is William." Went on to physically
        9   describe him, being Mr. Neal. And she stated, like Jim
       10   said, told him to express any bias he had to keep him off
       11   the jury, and she then told him she had a friend who was
       12   the FBI agent on the case, Ms. Burns, and then Lara asked,
       13   "Have you talked to him since?" And she said, "Yes, I
       14   have," and he said that the prosecution and the defense
18:00 15   were both good and the evidence was boring, something to
       16   the effect of evidence being boring. Couldn't have been
       17   this case. But anyway, at that point Lara stopped asking,
       18   didn't ask anymore of her. We wanted to bring it to your
       19   attention, clearly, to the Court's attention. We don't
       20   know -- Again, Lara did not probe any further of this
       21   person in terms of how many times have you talked to him
       22   or is there anything else said, those sorts of follow-up
       23   conversations were not made.
       24           MR. JACKS: I think she did have conversation
       25   about what kind of a guy is he, and this woman said, you

18:00  1  know, he's quiet.

2  MR. GARRETT: Yeah, I think the lady when she
3  was saying I know one of your jurors, William the, lady
4  went on sui sponti to say -- Lara said that you can ask if
5  you want to -- he was an intelligent, quiet guy, but not a
6  leader.

7  MS. HOLLANDER: I've lost track who said what.

8  MR. JACKS: Anything about the juror came from
9  the woman lawyer that.

10  MR. DRATEL: I understand, a conversation with
11  Lara Burns.

12  MS. HOLLANDER: But Lara asked her what kind of
13  a guy is he.

14  MR. GARRETT: I'm not sure if she asked that or
18:00 15  if the lady volunteered that. I don't know the answer to
16  that.

17  MR. JONAS: Your Honor, the timing is this woman
18  lawyer informed Mr. Neal about her friendship with Agent
19  Burns at the time the juror received the questionnaire,
20  and if the Court recalls, the jurors during the voir dire
21  were asked if they knew any of the agents or attorneys.

22  MR. DRATEL: He was being truthful. First of
23  all, I'm concerned about someone involved in the case who
24  happens to be an agent running into someone in a bar and
25  asked what you know. If someone asks me do you know a

18:00 1  juror, I wouldn't want to know anything more.

2  MR. GARRETT: Why is that improper?

3  MR. DRATEL: She said I know a juror, and she
4  said which one. I'm concerned about that.

5  THE COURT: I listen to this and certainly
6  appreciate you all wanting to bring it to my attention or
7  our attention because that's something that I think it's
8  proper to do. I personally don't see any issue here.

9  MR. DRATEL: I don't either in terms of what was
10  said.

11  MR. JACKS: Well, they were all asked have you
12  heard anything about this case or do you know anything
13  about this case. So if a friend had said I know an agent
14  on the case.

18:00 15  MR. DRATEL: Doesn't mean you know anything
16  about the case.

17  MS. MORENO: I don't see that as untruthful. It
18  seems like he knew someone who knew someone on the case
19  and still didn't know anything about the case. So I don't
20  see that as an untruthful answer. I guess my question is,
21  are you asking for a remedy or is this just informational?

22  THE COURT: Well, you anticipated my question.
23  I'm not sure whether you are asking me to do anything or
24  not.

25  MR. JACKS: Well, our first priority was to make

18:00 1  it known to the parties and the Court.  I think we're
2  still trying to determine, you know, what, if anything --
3  if we have any need for a remedy, right to a remedy or
4  anything like that.  I think if circumstances were
5  different, if this were during the trial, I'm not sure
6  that opposing counsel would feel the same way, that it's
7  not a problem, that this person either failed to disclose
8  a relationship with somebody that knew the case agent or
9  the fact that somebody talked to him about the case and
10  the fact that I do know this person that's the case agent.
11  But I think our first interest was to find out, you know,
12  if opposing counsel thought there was an issue or a
13  problem, and then we were going from there, and so I guess
14  now if they are of the opinion that it's not a problem --
18:00 15  First of all, I think I would want something on the record
16  that they don't seek any kind of a remedy and not from
17  just the lawyers, by the defendants themselves, that this
18  would not be something that would later come up as a claim
19  of ineffective assistance of counsel for not seeking some
20  kind of a remedy because I think obviously the defendants
21  would be the one that could appeal anything, not the
22  government, if that you know were to happen in this case.
23          And then I think we would want to consider what
24  options, if any, the government has and what right to any
25  remedy the government would have, but I think the defense

18:00  1  is the one that is kind of in the first position to make a
2  decision as to whether or not they think it's something
3  that requires a remedy or action by the Court.
4      MR. WESTFALL: Your Honor, there wasn't a
5  question on the questionnaire "Do you know somebody who
6  knows somebody whose involved with this case." And then
7  the stuff that Agent Burns learned was that the lawyers
8  were good but the evidence is boring. This is obviously
9  not at the time the questionnaire is being filled out,
10  number one.
11      And Number 2, that doesn't come in the same as
12  juror tampering or misconduct. This is a nonissue. Mr.
13  Jacks is wanting to have a nonissue become something that
14  we can to drag these clients up here to say we're okay
18:00  15  with Mr. Neal being on this jury. The case law is just
16  manifest that something like this wouldn't get somebody
17  kicked off the jury. It's totally up to the Court's
18  discretion of course, but it's not misconduct.
19      MR. JONAS: Your Honor. Mr. Westfall is it your
20  position at the time of voir dire you would not have any
21  interest in knowing whether a juror has a mutual friend
22  with a case agent and whether that mutual friend discussed
23  the case with the potential juror? Is that your position?
24      MS. HOLLANDER: That's not what we heard.
25      MR. JONAS: I'm not asking what you heard. I'm

9

asking if that's your position. We want to make sure that we're covered.

MR. DRATEL: You are covered. You are covered. You are covered.

MR. JONAS: We're making sure everything is protected because the way we played out the scenario in our head -- And certainly if Mr. Neal said a friend of mine came to me and after I got the questionnaire and said I'm friends with the case agent and talked about ways of getting off the case, I imagine you all would want to know that to explore whether Mr. Neal had a bias in favor of the case agent and so forth, follow-up questions. The way we perceive it is you are downplaying the situation totally, but that's not the way we envisioned you would have reacted had you had this information at the time of voir dire.

MR. WESTFALL: I would never thought to have asked after I asked do you know anyone that is involved in the case. "Do you know anybody who knows anybody who's involved in this case?" I would never have asked that question. It would never enter my mind to ask this question. The guy was obviously honest on his questionnaire. So whatever advice he got about how to throw the questionnaire was irrelevant at this point if indeed that advice was given. We're assuming at this

18:00  1  point that every statement that's been stated is true.
2  　　　　　MS. HOLLANDER:  It's triple hearsay.
3  　　　　　MR. JONAS:  Certainly that would require the
4  Court to make certain inquiries.
5  　　　　　MS. HOLLANDER:  I'll state on the record that on
6  behalf of my client that I think there is no issue here.
7  　　　　　MR. DRATEL:  I would state the same for Mr. El
8  Mezain.
9  　　　　　MS. MORENO:  I would join on behalf of Mr.
10  Elashi.
11  　　　　　MR. WESTFALL:  On behalf of Odeh, no objection
12  to the continued service of Mr. Neal, nor do I think there
13  would be an issue if we had one.
14  　　　　　MS. MORENO:  I think I expressed that already,
18:00 15  but I will second it.
16  　　　　　THE COURT:  I'm of the opinion from what I have
17  heard that there is no issue either.  But I say that
18  without prejudice to the government's right to seek a
19  remedy if they determine that's the appropriate course,
20  and if they do, I'll hear their position at the time.
21  　　　　　MR. JACKS:  Okay.
22  　　　　　THE COURT:  Thank you.
23
24
25

1    C E R T I F I C A T I O N

2

3       I, Cassidi L. Casey, certify that during the

4    proceedings of the foregoing-styled and -numbered cause, I

5    was the official reporter and took in stenotypy such

6    proceedings and have transcribed the same as shown by the

7    above and foregoing Pages 1 through 11 that said

8    transcript is true and correct.

9

10      I further certify that the transcript fees and format

11   comply with those prescribed by the court and the Judicial

12   Conference of the United States.

13

14

15                            S/Cassidi L. Casey
                              _____
16                            CASSIDI L. CASEY
                              UNITED STATES DISTRICT REPORTER
17                            NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION
18                            CSR NUMBER 1703

19

20

21

22

23

24

25

< Dates >
**October 17, 2007** 1:11
**-numbered** 11:4


< 0 >
**04-240-G** 1:5
**05/842-9960505/842-9960** 1:46


< 1 >
**1** 11:7
**10005** 2:7
**10985** 2:25
**11** 11:7
**1100** 1:32, 2:47
**12/732-0707212/732-0707** 2:8
**13-247-4500813-247-4500** 2:27
**14** 2:6
**14-254-3139214-254-3139** 2:49
**14/659-8600214/659-8600** 1:34
**14/744-3015214/744-3015** 2:18
**15/875-5812415/875-5812** 2:34
**15D6L** 2:47
**17/877-1700817/877-1700** 2:43
**1703** 2:46, 11:21


< 2 >
**2** 8:11
**20** 1:44
**26th** 2:32
**28th** 2:6


< 3 >
**3** 1:5
**3232** 2:16
**33679** 2:26


< 5 >

**555** 2:31


< 7 >
**700** 1:44, 2:16
**75204** 2:17
**75242** 1:33, 2:48
**76102** 2:42


< 8 >
**87102** 1:45


< 9 >
**910** 2:41
**94104-1500** 2:33


< A >
**A** 1:17, 1:21, 3:4, 3:5, 3:8, 3:10, 3:20, 3:25, 4:11, 4:25, 5:5, 5:10, 5:13, 5:24, 5:25, 6:3, 6:13, 6:21, 7:3, 7:7, 7:8, 7:12, 7:14, 7:16, 7:18, 7:20, 8:1, 8:3, 8:4, 8:12, 8:13, 8:21, 8:22, 9:7, 9:11, 10:18, 11:1
**AARON** 2:4
**Abdulqader** 2:11
**about** 3:21, 4:25, 5:8, 5:18, 5:23, 6:4, 6:12, 6:13, 6:16, 6:19, 7:9, 9:9, 9:23
**above** 11:7
**according** 3:13
**acquaintance** 3:10
**action** 8:3
**advice** 9:23, 9:25
**after** 3:15, 3:20, 9:8, 9:18
**afternoon** 3:2
**Again** 4:20
**Agent** 3:7, 3:25, 4:12, 5:18, 5:24, 6:13, 7:8, 7:10, 8:7, 8:22, 9:9, 9:12
**agents** 5:21
**AL** 1:11
**Albuquerque** 1:45
**all** 5:23, 6:6, 6:11, 7:15, 9:10
**already** 10:14
**also** 3:22, 3:23
**AMERICA** 1:5

**among** 4:5
**an** 3:10, 5:5, 5:24, 6:13, 6:20, 7:12, 10:13
**answer** 5:15, 6:20
**anticipated** 6:22
**any** 3:17, 4:10, 4:20, 5:21, 6:8, 7:3, 7:16, 7:24, 8:20
**anybody** 9:19
**anymore** 4:18
**anyone** 9:18
**Anything** 4:22, 5:8, 6:1, 6:12, 6:15, 6:19, 6:23, 7:2, 7:4, 7:21
**anyway** 4:17
**appeal** 7:21
**appreciate** 6:6
**appropriate** 10:19
**are** 6:21, 6:23, 7:14, 9:3, 9:4, 9:13
**as** 6:17, 6:20, 7:18, 8:2, 8:11, 11:6
**ask** 4:18, 5:4, 9:21
**asked** 3:3, 3:12, 4:12, 5:12, 5:14, 5:21, 5:25, 6:11, 9:18, 9:20
**asking** 4:17, 6:21, 6:23, 8:25, 9:1
**asks** 5:25
**assistance** 7:19
**Assistant** 1:28
**assuming** 9:25
**attention** 4:19, 6:6, 6:7
**Attorney** 1:28
**attorneys** 5:21
**Avenue** 2:16, 2:41


< B >
**back** 3:14
**Baker** 1:37
**bar** 3:9, 4:7, 5:24
**BARRY** 1:25
**become** 8:13
**behalf** 10:6, 10:9, 10:11
**believe** 3:23
**bias** 3:17, 4:10, 9:11
**boring** 3:23, 4:15, 4:16, 8:8
**BOX** 2:25
**BOYD** 1:42
**bring** 4:18, 6:6

**Burns** 3:8, 3:24, 4:1, 4:12, 5:11, 5:19, 8:7

< C >
**CA** 2:33
**CADEDDU** 2:14, 2:15
**California** 2:31
**case** 3:12, 3:25, 4:12, 4:17, 5:23, 6:12, 6:13, 6:14, 6:16, 6:18, 6:19, 7:8, 7:9, 7:10, 7:22, 8:15, 8:22, 8:23, 9:9, 9:10, 9:12, 9:19, 9:20
**case.** 8:6
**CASEY** 2:46, 11:3, 11:15, 11:17
**CASSIDI** 2:46, 11:3, 11:17
**cause** 11:4
**certain** 10:4
**Certainly** 6:5, 9:7, 10:3
**certify** 11:3, 11:10
**circumstances** 7:4
**claim** 7:18
**clearly** 4:19
**client** 10:6
**clients** 8:14
**CLINE** 2:29
**comment** 3:21, 3:22
**Commerce** 1:32, 2:47
**complimentary** 4:1
**comply** 11:11
**concerned** 5:23, 6:4
**Conference** 1:16, 3:4, 3:5, 11:12
**consider** 7:23
**contact** 3:3
**continued** 10:12
**conversation** 3:19, 4:24, 5:10
**conversations** 4:23
**correct** 11:8
**counsel** 7:6, 7:12, 7:19
**couple** 3:20
**course** 8:18, 10:19
**COURT** 1:1, 2:46, 3:2, 4:19, 5:20, 6:5, 6:22, 7:1, 8:3, 8:17, 10:4, 10:16, 10:22, 11:11
**Courthouse** 1:31
**covered** 9:2, 9:3, 9:4
**CSR** 2:46, 11:21

**CUTRER** 2:39

< D >
**D.** 2:29
**DALLAS** 1:3, 1:33, 2:17, 2:48, 11:20
**DANIELS** 1:42
**Day** 2:30
**decision** 8:2
**Defendant** 1:37, 2:1, 2:11, 2:20, 2:36
**defendants** 7:17, 7:20
**defense** 4:14, 7:25
**DEPARTMENT** 1:29
**describe** 4:9
**determine** 7:2, 10:19
**different** 7:5
**dire** 5:20, 8:20, 9:16
**disclose** 7:7
**discretion** 8:18
**discussed** 8:22
**DISTRICT** 1:1, 1:2, 1:30, 11:18, 11:19
**DIVISION** 1:3, 11:20
**downplaying** 9:13
**drag** 8:14
**DRATEL** 2:3, 2:5, 5:10, 5:22, 6:3, 6:9, 6:15, 9:3, 10:7
**DUNCAN** 1:41
**during** 4:6, 5:20, 7:5, 11:3

< E >
**effect** 3:16, 4:16
**either** 6:9, 7:7, 10:17
**El** 10:7
**El-mezain** 2:1
**Elashi** 2:20, 10:10
**ELIZABETH** 1:26
**encounter** 4:7
**enter** 9:21
**envisioned** 9:14
**ET** 1:11
**events** 4:6
**everything** 9:5
**evidence** 3:23, 4:15, 4:16, 8:8
**explore** 9:11
**express** 4:10

**expressed** 10:14

< F >
**fact** 7:9, 7:10
**failed** 7:7
**favor** 9:11
**FBI** 4:12
**feel** 7:6
**fees** 11:10
**fill** 3:16
**filled** 8:9
**find** 7:11
**First** 1:44, 4:5, 5:22, 6:25, 7:11, 7:15, 8:1
**FISH** 1:17
**Floor** 2:6, 2:32
**Florida** 2:26
**follow-up** 4:22, 9:12
**football** 3:9
**foregoing** 11:7
**foregoing-styled** 11:4
**format** 11:10
**Fort** 2:42
**forth** 9:12
**FOUNDATION** 1:11
**Francisco** 2:33
**FREEDMAN** 1:42
**friend** 3:25, 4:11, 6:13, 8:21, 8:22, 9:7
**friends** 3:14, 9:9
**friendship** 5:18

< G >
**game** 3:9
**Garrett** 1:27, 4:2
**Gentlemen** 3:3
**getting** 9:10
**given** 9:25
**Government** 1:24, 7:22, 7:24, 7:25, 10:18
**GREG** 2:38
**guess** 3:15, 3:20, 6:20, 7:13
**guy** 4:25, 5:5, 5:13, 9:22

< H >
**happen** 7:22
**happens** 5:24

head 9:7
hear 10:20
heard 6:12, 8:24, 8:25, 10:17
hearsay 10:2
HOLLANDER 1:40, 1:43
HOLY 1:11
honest 9:22
Honor 5:17, 8:4, 8:19
HONORABLE 1:17

< I >
imagine 9:10
improper 6:2
indicated 3:14, 3:19
ineffective 7:19
information 9:15
informational 6:21
informed 3:8, 5:18
inquiries 10:4
intelligent 5:5
interest 7:11, 8:21
involved 5:23, 8:6, 9:18, 9:20
irrelevant 9:24
issue 6:8, 7:12, 10:6, 10:13, 10:17

< J >
J. 2:4
Jacks 1:24, 3:5, 3:6, 8:13
Jim 1:24, 4:6, 4:9
JOE 1:17
JOHN 2:29
join 10:9
JONAS 1:25
Jones 2:30
JOSHUA 2:3, 2:5
Judge 3:7
Judicial 11:11
JUROR 1:16, 5:8, 5:19, 6:1, 6:3, 8:12, 8:21, 8:23
jurors 3:11, 4:8, 5:3, 5:20
jury 4:11, 8:15, 8:17
JUSTICE 1:29

< K >
keep 4:10

kicked 8:17
kind 4:25, 5:12, 7:16, 7:20, 8:1
knowing 8:21
known 7:1
knows 8:6, 9:19

< L >
L. 2:5, 2:46, 11:3, 11:15, 11:17
Ladies 3:2
lady 5:2, 5:3, 5:15
LAND 1:11
Lara 4:3, 4:12, 4:17, 4:20, 5:4, 5:11, 5:12
later 7:18
LAW 2:5, 2:15, 2:24, 8:15
lawyer 3:10, 3:13, 3:24, 5:9, 5:18
lawyers 3:21, 7:17, 8:7
leader 5:6
learned 8:7
LINDA 2:23, 2:24
list 3:17
listen 6:5
long 3:18
lost 5:7
lots 3:10


< M >
Mallick 2:40
manifest 8:16
MARLO 2:14, 2:15
Mckinney 2:16
mean 6:15
Mezain 10:8
mind 9:21
mine 4:1, 9:8
misconduct 8:12, 8:18
MORENO 2:23, 2:24, 10:14
morning 3:8
MR. GARRETT 4:3, 5:2, 5:14, 6:2
MR. JACKS 3:7, 4:24, 5:8, 6:11, 6:25, 10:21
MR. JONAS 5:17, 8:19, 8:25, 9:5, 10:3
MS. 1:26, 1:40, 1:41, 2:14,

2:23, 3:3, 3:24, 4:1, 4:12, 10:14
MS. HOLLANDER 5:7, 5:12, 8:24, 10:2, 10:5
MS. MORENO 6:17, 10:9
Mufid 2:11
mutual 8:21, 8:22
MYSLIWIEC 2:4


< N >
name 4:8
NANCY 1:40
NATHAN 1:27
Neal 1:16, 3:13, 4:9, 5:18, 8:15, 9:7, 9:11, 10:12
need 7:3
New 2:7
NM 1:45
nonissue 8:12, 8:13
nor 10:12
NORTHERN 1:2, 1:30, 11:19
notes 4:3
NUMBER 1:5, 8:10, 8:11, 11:21
NY 2:7


< O >
objection 10:11
obviously 7:20, 8:8, 9:22
Odeh 2:36, 10:11
OFFICE 2:5, 2:15, 2:24
official 11:5
Okay 8:14, 10:21
One 2:41, 3:11, 3:21, 3:22, 4:7, 5:3, 7:21, 8:1
one. 6:4, 8:10, 10:13
opinion 7:14, 10:16
opposing 7:6, 7:12
options 7:24
outside 4:3


< P >
P. 2:15
Pages 11:7
parties 7:1
people 3:10
perceive 9:13

person 4:21, 7:7, 7:10
personally 6:8
physically 4:8
Piwoni 3:3
PLATT 2:39
played 9:6
Plaza 1:44
PO 2:25
point 4:17, 9:24, 10:1
position 8:1, 8:20, 8:23, 9:1, 10:20
potential 8:23
prejudice 10:18
prescribed 11:11
priority 6:25
probe 4:20
problem 7:7, 7:13, 7:14
proceedings 11:4, 11:6
proper 6:8
prosecution 4:14
protected 9:6

< Q >
question 6:20, 6:22, 8:5, 9:21, 9:22
questionnaire 3:15, 3:16, 5:19, 8:5, 8:9, 9:8, 9:23, 9:24
questions 9:12
quiet 5:1, 5:5

< R >
reacted 9:15
recalls 5:20
received 3:4, 3:15, 5:19
record 7:15, 10:5
REGARDING 1:16
relationship 7:8
remedy 6:21, 7:3, 7:16, 7:20, 7:25, 8:3, 10:19
REPORTER 2:46, 11:5, 11:18
request 3:5
require 10:3
requires 8:3
Rm 2:47
running 5:24

< S >
S/cassidi 11:15
San 2:33
saying 5:3
scenario 9:6
second 10:15
seek 7:16, 10:18
seeking 7:19
seems 6:18
sequence 4:5
serve 3:18
service 10:12
set 3:3
SHAPIRO 1:26
shown 11:6
Shukri 1:37
situation 9:13
somebody 7:8, 7:9, 8:5, 8:6, 8:16
someone 5:23, 5:24, 5:25, 6:18
sorts 4:22
sponti 5:4
sports 3:9, 4:7
St 2:31
started 3:21
state 10:5, 10:7
stated 4:9, 10:1
statement 10:1
STATES 1:1, 1:5, 1:28, 1:29, 11:12, 11:18
stenotypy 11:5
stopped 4:17
Street 1:32, 2:6, 2:47
stuff 8:7
sui 5:4
Suite 1:44, 2:16, 2:41
Summit 2:41

< T >
talked 3:19, 4:13, 4:21, 7:9, 9:9
Tampa 2:26
tampering 8:12
TERESA 1:41
terms 4:21, 6:9
TEXAS 1:2, 1:30, 1:33, 2:17, 2:42, 2:48, 11:19
Texas-oklahoma 3:9

themselves 7:17
throw 9:24
timing 5:17
took 4:3, 11:5
totally 8:17, 9:14
Tower 2:40
track 5:7
transcribed 11:6
transcript 11:8, 11:10
trial 3:18, 3:20, 7:5
triple 10:2
true 10:1, 11:8
truthful 5:22
trying 7:2

< U >
understand 5:10
UNITED 1:1, 1:5, 1:28, 1:29, 11:12, 11:18
untruthful 6:17, 6:20

< V >
VERSUS 1:8
voir 5:20, 8:20, 9:16
volunteered 5:15

< W >
Wall 2:6
wanted 4:18
wanting 6:6, 8:13
watching 3:9
ways 9:9
weekend 3:7
WESTFALL 2:38, 2:39, 8:4, 8:19, 9:17, 10:11
whatever 9:23
whether 6:23, 8:2, 8:21, 8:22, 9:11
will 10:15
William 1:16, 5:3
William. 4:8
without 10:18
woman 3:24, 4:25, 5:9, 5:17
Worth 2:42

< Y >

**York** 2:7