IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| v. | § | |
| | § | |
| | § | NO. 3:04-CR-240-P |
| SHUKRI ABU BAKER (2) | § | ECF |
| MOHAMMAD EL-MEZAIN (3) | § | Hon. Jorge A. Solis |
| GHASSAN ELASHI (4) | § | |
| MUFID ABDULQADER (7) | § | |
| ABDULRAHMAN ODEH (8) | § | |
|     Defendants. | § | |

## DEFENDANTS' JOINT MOTION TO EXCLUDE SECOND TRIAL TESTIMONY OF DR. MATTHEW LEVITT

Now come SHUKRI ABU BAKER, MOHAMMAD EL-MEZAIN, GHASSAN ELASHI, MUFID ABDULQADER and ABDULRAHMAN ODEH and file their Joint Motion to Exclude Second Trial Testimony of Dr. Matthew Levitt. In support thereof, they state as follows:

### I. BACKGROUND

The government originally gave notice of its intent to present the expert testimony of Dr. Matthew Levitt on May 31, 2005. At that time, it stated:

> Specifically, Mr. Levitt will testify as to the history and formation of the Muslim Brotherhood and how the Palestinian branch of the Muslim Brotherhood became Hamas in the late 1980's. Mr. Levitt will testify to the formation of Hamas, its charter, its history, how it is organized, including the political bureau, the military wing and the social wing. He will further testify as to who the leaders of Hamas were, and are, as well as some of the lesser known members who have affiliations with the Holy Land Foundation. Mr. Levitt will discuss, in detail, the structure of the social wing of Hamas, including zakat committees and the role they play in

distributing services and goods to the Palestinian people, including family members of suicide bombers and prisoners, and how that benefits Hamas.

Mr. Levitt will discuss and opine on the Muslim Brotherhood and Hamas in the United States, including organizations which are affiliated with the Holy Land Foundation. He will testify as to the role of these organizations, including the Islamic Association of Palestine, UASR MAYA, ISNA, and others, and how they interrelate to each other. Mr. Levitt will testify about non-U.S. organizations which are affiliated with Hamas, such as Interpal located in the United Kingdom, and how they are related to the Holy Land Foundation.

The expert will also provide an opinion on the importance of family members in position of trust in Hamas, and, in conjunction with that topic, will identify and discuss family members of the defendants and the leadership roles they play in Hamas. Mr. Levitt will explain to the jury about the importance of conference and fund-raisers which the Holy Land Foundation participated in and the means through which funds generated at these events are moved to Hamas, as well as how the method of fund-raising and the movement of funds evolved in response to law enforcement action.

Mr. Levitt will opine on orphan applications seized from the Holy Land Foundation and the significance of the information contained within the applications, as it identifies an orphan's relationship to a Hamas member.

Mr. Levitt will also discuss individuals who were retained by the Holy Land Foundation to come to the United States and speak at various fund-raisers on their behalf. Mr. Levitt will identify those speakers who are affiliated with Hamas.

Finally, Mr. Levitt will opine on the significance and meaning of certain documents taken from the premises of the Holy Land Foundation and Infocom, including a security document which details covert measures to be taken by Hamas members in concealing their activity and any documents they create.

Government's Notice of Expert Witness Testimony, filed May 31, 2005. On July 28, 2006, the government filed its Supplemental Notice of Expert Witness Testimony. In pertinent part, the Supplemental Notice provided:

> In the original notice of expert witnesses, the government identified Matthew A. Levitt as a possible expert in the area of Hamas. In addition to the subject matters discussed in the original notice, Mr. Levitt will also testify about: the formation and structure of Hamas, including its political bureau, military wing and social wing; the funding of Hamas, focusing on the social wing, including the zakat committees; the relationship between the political bureau, military wing and social wing; the relationship between Hamas and Fatah; the Oslo Accords and the reaction of Hamas; the two Intifadas; Hamas' tradecraft; Hamas' charter; individuals associated with Hamas; and related matters . Mr. Levitt, who is currently a Deputy Assistant Secretary in the Office of Intelligence and Analysis at the Department of Treasury, will not be issuing an expert witness report, however, much of his testimony will be drawn from his book, *Hamas - Politics, Charity, and Terrorism in the Service of Jihad*, Yale University Press 2006.

The trial of this matter commenced on September 22, 2008. Government expert Dr. Matthew Levitt began testifying that same day and left the stand on Wednesday, September 24, 2008. Although the government orally notified counsel near the beginning of the trial that Dr. Levitt would possibly be returning, it was not until Wednesday, October 8, 2008, that the government gave defendants notice that it would seek to present a second round of expert testimony by Dr. Levitt on a topic not covered by the two previously-filed government expert witness disclosures for Dr. Levitt. Email from Barry Jonas, dated October 8, 2008. The government seeks to present a second round of testimony by Dr. Levitt as follows:

> Dr. Levitt will testify about the various forms of contact between the defendants and leaders of Hamas, including (but not limited to) phone calls, financial transactions, personal meetings, and use as

>overseas speakers. Dr. Levitt will state that, in his opinion, the defendants had access to leaders of Hamas that most people do not have.

*Id.* This Court should preclude this testimony of Dr. Levitt for several reasons. These include that (1) the government did not give timely notice to defendants of its intent to present this testimony; (2) the proposed testimony by Dr. Levitt is not the proper subject matter of expert testimony; and (3) the proposed testimony is duplicative of testimony that has already been presented, cumulative, and is intended to give the government a second closing argument.

## II. ARGUMENT

### A.     Late Disclosure of Subject Matter of Testimony

Rule 16, Federal Rules of Criminal Procedure, states as follows:

>At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. …The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed.R.Crim.P. 16(a)(1)(G). "It is well-settled that a court may in its discretion preclude expert examination pursuant to Rule 16(d)(2)(C) of the Federal Rules of Criminal Procedure regarding any topics or opinions not properly disclosed." *United States v. Mahaffy*, 2007 WL 1213738, *2 (E.D.N.Y.), citing *United States v. Barile*, 286 F.3d 749, 758-59 (4th Cir. 2002). Moreover, failure to comply with the Court's deadlines is a separate and permissible basis for exclusion. *Id.* at *3.

The government's notice of the subject matter of the proposed second testimony of Dr. Matthew Levitt, was provided to the defense nearly three and a half months after the June 23,

Motion to Exclude Second Testimony          - 4 -
By Dr. Matthew Levitt

2008 deadline for such disclosures, *see* Order, filed June 11, 2008 (Document 1047), and more than two weeks into the current trial. Because the government failed to disclose its intent to present Dr. Levitt's expert testimony that "the defendants had access to leaders of Hamas that most people do not have" until the middle of trial, five months after the deadline for such disclosures had passed, defendants respectfully request that the Court preclude Dr. Levitt from testifying on this subject matter.

        B.      <u>The Proposed Testimony of Dr. Levitt is not the Proper Subject of Expert Testimony Because it is Within the Common Knowledge of the Jury</u>

"The court has discretion to exclude expert testimony that will not aid the jury because it addresses an issue of which the jury already generally is aware, and it will not contribute to their understanding of the particular dispute." *United States v. Angleton*, 269 F. Supp. 2d 868 (S.D. Tex. 2003) citing *United States v. Hall,* 165 F.3d 1095, 1104 (7th Cir. 1999) (internal quotations omitted); *United States v. Mathis,* 264 F.3d 321, 340-41 (3d Cir. 2001). Proffered conclusions by an expert that are intuitive and within the common knowledge of the jury are not a proper subject of expert testimony. *Angleton*, 269 F. Supp. 2d at 874-77. *See also United States v. Mejia*, 2008 WL 4459289, *9, *12 (2d Cir. 2008). Thus, for example, in *Angleton*, the district court found that testimony that the quality of a voice recording affects the ability of a listener to identify the voice was intuitive and within the common knowledge of a jury. *Id.* at 875. Similarly, the district court deemed unnecessary expert testimony that the rate of misidentification of a recorded voice goes up when the listener is told in advance who the speaker on the recording is believed to be. *Id.* at 876.

Reply to Opposition to Defendants'      - 5 -
Motion to Stay Trial

In this case, the government seeks to proffer the testimony of Dr. Levitt that "the defendants had access to leaders of Hamas that most people do not have." That "most people" do not have access to the leaders of Hamas is a conclusion that is intuitive and well within the common knowledge of the jury. Indeed, that "most people" who are not of Palestinian heritage do not have access to Palestinians of any political stripe is apparent. Because the ultimate issue upon which the government seeks to have Dr. Levitt opine in his second testimony is within the ken of the jury, it is not the proper subject matter of expert testimony.

### C. The Proposed Testimony of Dr. Levitt is Duplicative, Cumulative and is Intended to Provide the Government with a Second Closing Argument

The government's October 8, 2008, notice regarding the proffered expert testimony of Matthew Levitt states as an initial matter that "Dr. Levitt will testify about the various forms of contact between the defendants and leaders of Hamas, including (but not limited to) phone calls, financial transactions, personal meetings, and use as overseas speakers." This proffered testimony is patently duplicative of testimony that has already been presented by Agents Burns and Miranda. Both Agents Burns and Miranda testified to telephone calls the government contends took place between the defendants and persons the government contends are connected to Hamas. Both Agents Burns and Miranda testified to financial dealings of some of the defendants with these persons and reviewed videos in which such persons are present. Moreover, a large proportion of Agent Miranda's testimony was devoted to a review of the names listed on the purported HLF overseas speaker list, HLF Search 87. Indeed, nearly all of the trial testimony of the past three weeks has been devoted to elucidating "the various forms of contact between the defendants and leaders of Hamas, including (but not limited to) phone calls,

financial transactions, personal meetings, and use as overseas speakers." For the government to have its expert Matthew Levitt review with the jury the same evidence that has already been presented through Agents Burns and Miranda is cumulative testimony and thus improper.

With regard to Dr. Levitt's ultimate conclusion that "the defendants had access to leaders of Hamas that most people do not have," this proffered testimony addressing the implications of the government's evidence regarding the defendants' associations is manifestly improper. In a very recent opinion, the Second Circuit addressed the impropriety of this type of testimony. *See Mejia*, 2008 WL 4459289 at *9, *12 (2d Cir. 2008). In *Mejia*, the Second Circuit reversed and remanded a conviction for having engaged in a conspiracy to commit assaults in aid of racketeering activity based upon the impropriety of testimony proffered by a law enforcement expert. *Id.* The *Mejia* Court noted the dangers of permitting an expert to testify not as to the general workings of the type of organization at issue, but rather as to the particular conduct of the defendants on trial. The Court noted that in such cases, the witness "transforms into the hub of the case, displacing the jury by connecting and combining all other testimony and physical evidence into a coherent, discernible, internally consistent picture of the defendant's guilt." *Mejia*, 2008 WL 4459289 at *8. The Court acknowledged that "such use of expert testimony may have the effect of providing the government with an additional summation by having the expert interpret the evidence." *Id.*

The government seeks to have Dr. Levitt engage in a cumulative review of three weeks worth of evidence and render an opinion as to the implications of these defendants' associations.

Reply to Opposition to Defendants'          - 7 -
Motion to Stay Trial

Such testimony is improper. Accordingly, defendants respectfully request that this Court exclude the proffered expert testimony of Dr. Levitt.

## II.     Conclusion and Prayer

For all the reasons set forth above, defendants respectfully request that this Court exclude the proposed second testimony of Dr. Matthew Levitt.

Respectfully submitted,

/s/ Marlo P. Cadeddu
MARLO P. CADEDDU
Texas Bar Card No. 24028839
LAW OFFICE OF MARLO P. CADEDDU, P.C.
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Office: 214.220.9000
Fax: 214.744.3015
Email: cadeddulaw@sbcglobal.net
ATTORNEY FOR DEFENDANT
MUFID ABDULQADER (07)

/s/ Nancy Hollander
NANCY HOLLANDER
New Mexico Bar Card No. 1185
Email: nh@fbdlaw.com
JOHN W. BOYD
New Mexico Bar Card No. 286
Email:  jwb@fbdlaw.com
THERESA M. DUNCAN
New Mexico Bar Card No. 12444
Email: tmd@fbdlaw.com
FREEDMAN BOYD
HOLLANDER GOLDBERG & IVES P.A.
20 First Plaza, Suite 700
Albuquerque, New Mexico 87102
Office: 505.842.9960
Fax: 505.842.0697
ATTORNEYS FOR DEFENDANTS
SHUKRI ABU BAKER (02)

/s/ Joshua L. Dratel
JOSHUA L. DRATEL
New York Bar Card No. 1795954
AARON J. MYSLIWIEC
New York Bar Card No. 4168670
Law Office of Joshua L. Dratel
2 Wall St., 3rd Floor
New York, NY 10005
Office: 212.732.0707
Email: jdratel@joshuadratel.com
ATTORNEYS FOR DEFENDANT
MOHAMMAD EL-MEZAIN (03)

/s/ Linda Moreno
LINDA MORENO
Florida Bar 0112283
LINDA MORENO, P.A.
P.O. Box 10985
Tampa, FL 33679
Office: 813.247.4500
Email: linbianca@aol.com
JOHN D. CLINE
California Bar No. 237759
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104-1500
(415) 626-3939 (Telephone)
(415) 875-5700 (Facsimile)
jcline@jonesday.com (Email)
ATTORNEYS FOR DEFENDANT
GHASSAN ELASHI (4)

/s/ Greg Westfall
GREG WESTFALL
Texas Bar Card No. 00788646
WESTFALL, PLATT & CUTRER
101 Summit Avenue, #910
Fort Worth, TX 76102
Office: 817.877.1700
Fax: 817.877.1710
ATTORNEY FOR DEFENDANT
ABDULRAHMAN ODEH (08)

Reply to Opposition to Defendants'      - 9 -
Motion to Stay Trial

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Marlo P. Cadeddu
MARLO P. CADEDDU

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 14, 2008, I conferred with Mr. James Jacks, attorney for the government, who advised that the government is opposed to the motion.

/s/ Marlo P. Cadeddu
MARLO P. CADEDDU