**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **No. 3:04-CR-240-P** |
| | § | |
| **HOLY LAND FOUNDATION FOR** | § | |
| **RELIEF AND DEVELOPMENT (01)** | § | |
| **SHUKRI ABU BAKER (02)** | § | |
| **MOHAMMAD EL-MEZAIN (03)** | § | |
| **GHASSAN ELASHI (04)** | § | |
| **MUFID ABDULQADER (07)** | § | |
| **ABDULRAHMAN ODEH (08)** | § | |

## COURT'S CHARGE TO THE JURY

**MEMBERS OF THE JURY:**

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then, I will give you some specific rules of law about this particular case; and finally, I will explain to you the procedures you should follow in your deliberations.

# DUTY TO FOLLOW INSTRUCTIONS

You, as jurors are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors and they have the right to expect nothing less.

# THE EVIDENCE

## PRESUMPTION OF INNOCENCE - BURDEN OF PROOF - REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, a defendant is presumed by the law to be innocent. The government has the burden of proving that a defendant is guilty beyond a reasonable doubt, and if it fails to do so, you must acquit that defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning that defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the accused has been proved guilty beyond a reasonable doubt, say so. If your are not convinced, say so.

## EVIDENCE - INFERENCES - DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

# CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt. In doing so, you must consider all the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say and how important that testimony was. In making that decision I suggest that you ask yourself a few questions. Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.

You have heard the testimony of "Avi" who testified as an expert witness under an assumed name. "Avi" testified under an assumed name because Israeli law requires this for security reasons.

You may consider that "Avi" testified under an assumed name in determining the credibility or weight to give to his testimony.

## ACCOMPLICE – INFORMER – IMMUNITY

The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant for a reduced punishment or for personal advantage, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

# IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter or by evidence that, at some other time, the witness said or did something or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and, therefore, whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

I remind you that a defendant has the right not to testify.

## EVIDENCE - EXCLUDING ARGUMENT
## OF COUNSEL AND COMMENT OF COURT

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses, the exhibits and stipulated facts. Remember that any statements, objections or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Also, do not assume from anything I have done or said during the trial that I have any opinion concerning any of the issues in the case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE

Some evidence was admitted for a limited purpose only. When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Certain statements of defendants in this case may be considered only in connection with the charges against the defendant who made the statement. I will list those statements for you now.

1.    The defendant Mohammad El-Mezain:

    (a)    The statement of the defendant El-Mezain, in his interview with the Federal Bureau of Investigation (FBI), that he was a member of the Muslim Brotherhood.

    (b)    The statement of the defendant El-Mezain, in his interview with the FBI, that one of his cousins, Ahmed Hamdan, was a Hamas supporter who was among the deportees from Israel in December 1992.

2.    The defendant Shukri Abu Baker:

    (a)    The statement of the defendant Abu Baker, in his deposition in the *Boim* civil suit, that he was a member of the advisory board of the Islamic Association for Palestine (IAP).

    (b)    The statement of the defendant Abu Baker, in his declaration in the civil suit the Holy Land Foundation (HLF) filed against the government, that he started working as a full-time salaried employee of the HLF in February 1990.

3.    The defendant Mufid Abdulqader:

    (a)    The statement of the defendant Abdulqader, in his interview with the FBI, that Khalid Mishal is his half-brother.

    (b)    The statement of the defendant Abdulqader, in his interview with the FBI, that he moved to Dallas in 1995.

Government's Exhibit GOI-1 was introduced for the limited purpose of showing the basis for the expert opinions of Dr. Levitt and "Avi." This exhibit was admitted to assist you, if it did, in evaluating the testimony of these expert witnesses. That is the sole purpose for which you may consider it.

## INDICTMENT NOT IN EVIDENCE

Please remember that the indictment is not evidence; a copy of it will be provided to you during your deliberations only so that you will know exactly what each defendant in this case is accused of doing.

## DEFENDANTS' ELECTION NOT TO TESTIFY

The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn from the choice of a defendant not to testify. You shall not consider a defendant's failure to testify for any purpose during your deliberations.

## EXPERT WITNESSES

During the trial you heard the testimony of witnesses who were identified as expert witnesses. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## TRANSCRIPTS OF TAPE-RECORDED CONVERSATIONS

Certain exhibits have been identified as typewritten transcripts and translations, either in whole or in part, from Arabic into English, of the oral conversations which can be heard on the tape

recordings received in evidence. The transcripts also purport to identify the speakers engaged in such conversations.

I have admitted these transcripts for the limited and secondary purpose of aiding you in following the content of the conversations to which they relate as you listen to the tape recordings, particularly those portions spoken in a foreign language, and also to aid you in identifying the speakers. You are specifically instructed that whether each transcript correctly or incorrectly reflects the content of the conversation to which it relates, or the identities of the speakers in that conversation, is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the tape recordings themselves as the primary evidence of their own contents. If you should determine that a transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent they accurately reflect the underlying supporting evidence. You should give them only such weight as you think they deserve.

## DEMONSTRATIVE EXHIBITS

Certain exhibits – including videos, PowerPoint presentations, and charts – were admitted for demonstrative purposes only. Those exhibits were admitted for the sole purpose of assisting you, if they did, to understand and evaluate the testimony of various witnesses, but not for any other purpose.

# CONSCIOUSNESS OF GUILT

Conduct of the defendant, including statements knowingly made and acts knowingly done upon being confronted with evidence of a possible crime, may be considered by you in the light of all other evidence in the case in determining guilt or innocence.

When the defendant voluntarily and intentionally offers an explanation to others in or out of court, or makes some statement tending to show his innocence – and this explanation or statement is later shown to be false in whole or in part, the jury may consider whether this evidence points to what we call a "consciousness of guilt." Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to the defendant's voluntary explanation or statement points to a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.


# STIPULATIONS

When the parties agree or stipulate to certain facts, you may accept the stipulation as evidence and regard those facts as proved. You are not required to do so, however, since you are the sole judges of the facts.

# THE LAW

## DEFINITIONS OF CERTAIN TERMS

### *On or About*

You will note that the indictment charges that the offense was committed on or about a specific date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

### *Knowingly*

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

### *Willfully*

The word "willfully," as that term has been used from time to time in these instructions, means that the act to which it refers was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

## AIDING AND ABETTING

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

Title 18 United States Code (USC) Section 2 provides:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Under this statute, if another person is acting under the direction of a defendant under consideration or if the defendant under consideration joins another person and performs acts with the intent to commit a crime, then the law holds that defendant responsible for the acts and conduct of such other person(s) just as though the defendant had committed the acts or engaged in such conduct himself.

Before any defendant may be held criminally responsible for the acts of others, however, it is necessary that he deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime. Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant under consideration either directed or aided and abetted the crime unless you find beyond a reasonable doubt that that defendant was a participant and not merely a knowing spectator. In other words, you may not find any defendant guilty, unless you find beyond a reasonable doubt that every element of

the crime under consideration, as defined in these instructions, was committed by some person or persons, and that the defendant under consideration voluntarily participated in its commission with the intent to violate the law.

For you to find a defendant guilty of aiding and abetting a crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

> <u>First</u>: That the crime under consideration was committed by one or more persons;
>
> <u>Second</u>: That the defendant under consideration associated himself with the criminal venture;
>
> <u>Third</u>: That the defendant under consideration purposefully participated in the criminal venture; and
>
> <u>Fourth</u>: That the defendant under consideration sought by action to make that venture successful.

"To associate with the criminal venture" means that a defendant under consideration shared the criminal intent of the principal. This element cannot be established if that defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that a defendant under consideration engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

## **ATTEMPT**

It is a crime for anyone to attempt to commit a violation of certain specified laws of the United States. In this case, the defendants are charged with attempting to violate certain laws that will be described in detail later in these instructions. For you to find a defendant guilty of attempting to commit these unlawful acts, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant under consideration intended to commit the substantive crime under consideration; and

Second: That the defendant under consideration committed an act constituting a substantial step towards the commission of that crime which strongly corroborates the criminal intent of the defendant under consideration.

**CONSPIRACY**

Some of the counts in the indictment charge some or all of the defendants with conspiracy to commit a crime. Before I instruct you in detail on the specific elements of the crimes charged in the indictment, I first want to instruct you on general principles of the law of conspiracy.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member. It is a crime separate from the substantive crimes which are alleged to be the object or purpose of the agreement.

For you to find one or more of the defendants guilty of conspiracy, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

> First: That the defendant charged with the conspiracy and at least one other person made an agreement to engage in conduct that violates federal criminal law, as charged in the indictment;
>
> Second: That the defendant under consideration knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and
>
> Third: That one or more of the conspirators, during the existence of the conspiracy, knowingly committed at least one overt act, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant under consideration understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy, even though he had not participated before and even though he played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. It is not necessary that any overt act proven by the government be an overt act alleged in the indictment. Nor must the government prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

On the other hand, mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

You must determine whether each of the conspiracies charged in the indictment (in Counts 1, 11, 22, and 33) existed, and, if they did, whether each defendant charged in those counts was a member of each conspiracy. If you find that any of the conspiracies charged did not exist, then you must return a not guilty verdict as to that conspiracy, even if you find that some other conspiracy or conspiracies existed. Similarly, if you find that a particular defendant was not a member of a conspiracy charged in a particular count of the indictment, then you must find that defendant not guilty of the charge in that count, even if that defendant may have been a member of some other conspiracy.

A conspirator is responsible for a crime committed by other conspirators if the conspirator was a member of the conspiracy when the crime was committed and if the crime was committed in furtherance of, and as a foreseeable consequence of, the conspiracy.

## CAUTION - CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the crime charged. The defendants are not on trial for any offense or crime not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

You should not be concerned with the guilt of any person or persons not on trial as a defendant in this case. You should not speculate about the fate of other persons charged in the indictment who are not on trial. Nor should you speculate about the reasons for their absence from this trial. If the evidence in the case convinces you beyond a reasonable doubt of the guilt of a defendant under consideration, you should find that defendant guilty, even though you may believe that one or more other unindicted or indicted persons are also guilty. On the other hand, if any reasonable doubt about a defendant's guilt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find that defendant not guilty.

# CORPORATE DEFENDANT/AGENCY

One of the defendants in this case, the Holy Land Foundation for Relief and Development, also known as the HLF, is a private corporation. The Holy Land Foundation for Relief and Development has been charged, along with other defendants, in Counts 1 through 32. A corporation is a legal entity and may be found guilty of a criminal offense just like a natural person.

Of course, a private corporation can only act through its agents, that is, the natural persons who are its directors, officers, employees, or other persons authorized to act for it. A corporation is legally responsible for the acts or omissions of its agents made or performed in the course of their employment.

Thus, before you may find the HLF guilty of a crime, you must find that the government has proven beyond a reasonable doubt that all of the elements of the crime under consideration, as I will explain them to you, have been met with respect to the HLF in the form of acts or omissions of its agents which were performed within the scope of their employment.

Acts or omissions performed within the scope of an agent's employment may be shown in several ways. First, if the act or omission was specifically authorized by the HLF, it would be within the scope of the agent's employment.

Second, even if the act or omission was not specifically authorized by the HLF, it may still be within the scope of an agent's employment if both of the following have been proven: that the agent intended that his act or omission would produce some benefit to the HLF, and that the agent was acting within his authority. An act or omission is within an agent's authority if it was directly related to the performance of the kind of duties that the agent had the general authority to perform.

Finally, if you find that the agent was not acting within the scope of his authority at the time, you should then consider whether the HLF later approved the act or omission. An act or omission is approved after it is performed when another agent of the corporation, having full knowledge of the act or omission, and acting within the scope of his employment as I have just explained it to you, approves the act or omission by his words or conduct. The HLF is responsible for any act or omission approved by its agents in this manner.

## FIRST AMENDMENT

Title 18, United States Code, Section 2339(B)(i), the statute under which Defendants are charged in Count 1 of the Indictment provides:

> Nothing in this section shall be construed or applied as to abridge the exercise of rights guaranteed under the First Amendment to the Constitution of the United States.

The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

This amendment guarantees to all persons in the United States the right to freedom of speech, freedom of religion, and freedom of association. Because of these constitutional guarantees, no one can be convicted of a crime simply on the basis of his beliefs, his expression of those beliefs, or his associations. The First Amendment, however, does not provide a defense to a criminal charge simply because a person uses his associations, beliefs, or words to carry out an illegal activity. Stated another way, if a defendant's speech, expression, or associations were made with the intent to willfully provide funds, goods, or services to or for the benefit of Hamas, or to knowingly provide material support or resources to Hamas, as described in the indictment, then the First Amendment would not provide a defense to that conduct.

## MULTIPLE DEFENDANTS – MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant and as to each count.

## CAUTION – PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## **SIMILAR ACTS**

You have heard evidence of acts of the defendants that may be similar to those charged in the indictment, but were committed on other occasions. You must not consider any of this evidence in deciding if a defendant under consideration committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that a defendant under consideration did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant under consideration had the state of mind or intent necessary to commit the crime charged in the indictment;

or

whether the defendant under consideration committed the acts for which he is on trial knowingly and not by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

## <u>COUNT ONE</u>

Each of the defendants is charged in Count 1 with the crime of conspiracy to provide material support and resources to a Designated Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B(a)(1). In pertinent part, Count 1 reads as follows:

> Beginning from on or about October 8, 1997, and continuing until the date of the Indictment, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants Holy Land Foundation for Relief and Development (HLF), Shukri Abu Baker, Mohammad El-Mezain, Ghassan Elashi, Mufid Abdulqader and Abdulrahman Odeh, and others known and unknown to the Grand Jury, knowingly conspired to provide material support and resources, as those terms are defined in Title 18, United States Code, Section 2339A(b), to wit, currency and monetary instruments, to HAMAS, a designated Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B(a)(1).

Title 18, United States Code, Section 2339B, provides, in relevant part, "Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so" is guilty of a crime.

To find a defendant guilty of the crime charged in this count, you must find that the government has proven each of the following elements beyond a reasonable doubt:

> <u>First</u>: That two or more persons agreed to provide material support or resources to a foreign terrorist organization, in this case, Hamas;

> <u>Second</u>: That the defendant under consideration knowingly became a member of the conspiracy with the intent to further its unlawful purpose;

> <u>Third</u>: That one of the conspirators knowingly committed at least one overt act for the purpose of furthering the conspiracy charged in Count 1;

> <u>Fourth</u>: That the charged conspiracy existed on or after October 8, 1997, the date that Hamas was designated a Foreign Terrorist Organization, and that the defendant under consideration was a member of the conspiracy on or after that date; and

> <u>Fifth</u>: That this court has jurisdiction over the offense.

The term "material support or resources" means, for purposes of this case, currency or monetary instruments.

The term "foreign terrorist organization" has a particular meaning under this statute. For an organization to qualify to be a "foreign terrorist organization," it must have been designated as such by the Secretary of State through a process established by law. I instruct you that Hamas was so designated by the Secretary of State on October 8, 1997.

The second element requires you to find that when a defendant joined the conspiracy to provide material support or resources to a designated terrorist organization, he did so "knowingly." To do so, you must find beyond a reasonable doubt that (1) the defendant under consideration agreed to provide material support or resources to Hamas, and (2) the defendant under consideration either knew that Hamas was designated by the United States government as a foreign terrorist organization, or he knew the organization has engaged in or engages in terrorist activity.

It is no defense to the charge that the support provided was earmarked or provided for humanitarian assistance. So long as the support was knowingly provided to a designated Foreign Terrorist Organization, such actions are a violation of the law for which the defendant may be convicted.

Title 18, United States Code, Section 2339B(d)(1) provides that the court has jurisdiction over the crimes alleged in Counts 2 through 10 if you find that any of the following applies to the defendant under consideration: (1) he is a national of the United States or an alien lawfully admitted for permanent residence in the United States; (2) the offense occurred in whole or in part within the United States; or (3) the offense occurred in or affected interstate or foreign commerce.

The term "national of the United States" means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

"Foreign commerce" means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters. Commerce includes travel, trade, transportation and communication.

# COUNTS 2 THROUGH 10

The defendants HLF, Shukri Abu Baker, and Ghassan Elashi are charged in these counts with violating Title 18, United States Code, Section 2339B. That statute provides, in relevant part, "Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so" is guilty of a crime. To satisfy the requirement that the provision of material support or resources be made knowingly, "a person must have knowledge that the organization is a designated terrorist organization . . . or that the organization has engaged or engages in terrorism."

While Count 1 charged each defendant with conspiring, *i.e.*, agreeing, to provide material support or resources to a foreign terrorist organization – namely, Hamas – Counts 2 through 10 charge defendants HLF, Shukri Abu Baker, and Ghassan Elashi with actually doing so. In other words, these counts of the Indictment charge the substantive crimes which the defendants are charged in Count 1 to have conspired, or agreed, to commit.

Counts 2 through 10 of the Indictment read, in relevant part, as follows:

On or about the dates set forth below, for each count below, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants HLF, Shukri Abu Baker, and Ghassan Elashi, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly provide and attempt to provide material support and resources, as those terms are defined in Title 18, United States Code, Section 2339A(b), to wit, currency and monetary instruments, to HAMAS, a designated Foreign Terrorist Organization, by issuing and causing to be issued wire transfers in the amounts indicated, from the defendant HLF bank accounts in the Northern District of Texas, to the following organizations, which operated on behalf of, or under the control of, HAMAS:

| Count | Date | Amount | Organization |
|:---:|:---:|:---:|:---|
| 2 | 8/18/98 | $11,962 | Ramallah Zakat Committee |
| 3 | 8/21/98 | $24,211 | Islamic Charity Society of Hebron |
| 4 | 12/31/98 | $ 8,389 | Jenin Zakat Committee |
| 5 | 5/21/99 | $12,115 | Ramallah Zakat Committee |
| 6 | 10/13/99 | $25,000 | Islamic Charity Society of Hebron |
| 7 | 12/10/99 | $10,152 | Jenin Zakat Committee |
| 8 | 4/11/00 | $10,711 | Nablus Zakat Committee |
| 9 | 4/11/00 | $ 7,417 | Qalqilia Zakat Committee |
| 10 | 1/17/01 | $16,674 | Nablus Zakat Committee |

To find HLF, Shukri Abu Baker, and Ghassan Elashi guilty of the crimes charged in Counts 2 through 10, you must find that the government has proven each of the following elements beyond a reasonable doubt:

First: That the defendant under consideration knowingly provided, or attempted to provide, the material support alleged in the count under consideration to Hamas through the entity listed in that count;

Second: That the defendant under consideration either knew that Hamas was designated as a foreign terrorist organization, or he knew that Hamas has engaged in, or engages in, terrorist activity; and

Third: That the court has jurisdiction over the crime charged in the count under consideration.

You must decide whether the government has proven all of these elements for each of the nine counts listed in this section. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find one or more of the defendants guilty or not guilty of any of the counts should not control your verdict as to any other count or any other defendant.

You should interpret the terms "attempt" and "knowingly" in accordance with the definitions of those terms previously provided at pages 13 and 16 of these instructions.

You may find that a defendant under consideration provided material support to Hamas if you find (1) that the entity to which the defendant provided the support was operating under Hamas's direction or control or if it was organizing, managing, supervising, or otherwise directing the operation of Hamas's personnel or resources and (2) that the defendant under consideration knew that the entity to which the defendant made the contribution was operating under Hamas's direction or control or that it was organizing, managing, supervising, or otherwise directing the operation of Hamas's personnel or resources.

It is no defense to the charge that the support provided was earmarked or provided for humanitarian assistance. So long as the support was knowingly provided to a designated Foreign Terrorist Organization, such actions are a violation of the law for which the defendant may be convicted.

Title 18, United States Code, Section 2339B(d)(1) provides that the court has jurisdiction over the crimes alleged in Counts 2-10 if you find that any of the following applies to the defendant under consideration: (1) he is a national of the United States or an alien lawfully admitted for permanent residence in the United States; (2) the offense occurred in whole or in part within the United States; or (3) the offense occurred in or affected interstate or foreign commerce.

The term "national of the United States" means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

"Foreign commerce" means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters. Commerce includes travel, trade, transportation and communication.

A conspirator is responsible for crimes committed by other conspirators if the conspirator was a member of the conspiracy when the crime was committed and if the crime was committed in furtherance of, and as a foreseeable consequence of, the conspiracy. Therefore, if you have first found a defendant under consideration guilty of the conspiracy charged in Count 1, and if you find beyond a reasonable doubt that during the time that defendant was a member of that conspiracy, other members of that conspiracy committed the crimes in Counts 2 through 10 in furtherance of, and as a foreseeable consequence, of that conspiracy, then you may find the defendant under consideration guilty of the crimes charged in Counts 2 through 10, even though that defendant may not have participated in any of the acts which constitute the crimes charged in Counts 2 through 10.

## COUNT 11

The defendants HLF, Shukri Abu Baker, Ghassan Elashi, Mufid Abdulqader and Abdulrahman Odeh are charged in Count 11 with the offense of conspiracy to provide funds, goods and services to a Specially Designated Terrorist, in violation of Title 50, United States Code, Sections 1701 through 1706. In pertinent part, Count 11 reads as follows:

> Beginning from on or about January 25, 1995, and continuing until the date of the Indictment, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants HLF, Shukri Abu Baker, Ghassan Elashi, Mufid Abdulqader, Abdulrahman Odeh, and others known and unknown to the Grand Jury, knowingly and willfully conspired, confederated and agreed to violate Executive Order 12947, by contributing funds, goods and services to, and for the benefit of, a Specially Designated Terrorist, namely HAMAS.

Title 50, United States Code, Section 1705 makes it a crime for an individual or corporation to willfully violate or attempt to violate an executive order. That statute also makes it a crime for an officer, director, or agent of a corporation to knowingly participate in a willful violation of an executive order.

On January 23, 1995, pursuant to the authorities vested in the President by the International Emergency Economic Powers Act (IEEPA), President William J. Clinton issued Executive Order 12947, which specifies that "any transaction or dealing by United States persons or within the United States [with] . . . the persons designated in or pursuant to this order is prohibited, including the making or receiving of any contribution of funds, goods, or services to or for the benefit of such persons."

Section 1705(b) (IEEPA) of Title 50, United States Code, provides:

> whoever willfully violates any license, order or regulation issued under this title [is guilty of a crime.]

50 U.S.C. §§ 1701, 1702, 1705; Executive Order 12947.

Pursuant to Executive Order 12947, the Secretary of the Treasury promulgated regulations to give effect to the President's Executive Order. Those regulations include the following referenced regulations.

Section 595.204 of Title 31 of the Code of Federal Regulations provides, "except as otherwise authorized, no U.S. person may deal in property or interests in property of a specially designated terrorist, including the making or receiving of any contribution of funds, goods, or services to or for the benefit of a specially designated terrorist."

Section 595.205 of Title 31 of the Code of Federal Regulations provides, "any transaction for the purpose of, or which has the effect of, evading or avoiding, or which facilitates the evasion or avoidance of, any of the prohibitions set forth in this part, is hereby prohibited. Any attempt to violate the prohibitions set forth in this part, is hereby prohibited. Any conspiracy formed for the purpose of engaging in a transaction prohibited by this part is hereby prohibited."

Section 595.408 of Title 31 Code of Federal Regulations provides,

(a)     Unless otherwise specifically authorized by the Office of Foreign Assets Control by or pursuant to this part, no charitable contribution or donation of funds, goods, services, or technology to relieve human suffering, such as food, clothing or medicine, may be made to or for the benefit of a specially designated terrorist. For purposes of this part, a contribution or donation is made to or for the benefit of a specially designated terrorist if made to or in the name of a specially designated terrorist; if made to or in the name of an entity or individual acting for or on behalf of, or owned or controlled by, a specially designated terrorist; or if made in an attempt to violate, to evade or to avoid the bar on the provision of contributions or donations to specially designated terrorists.

Section 595.701(a) provides that whoever willfully violates any license, order, or regulation issued under the Act is guilty of a crime.

To find a defendant guilty of the crime charged in Count 11, you must find that the government has proven each of the following elements beyond a reasonable doubt:

> First: That two or more persons agreed to violate Executive Order 12947 by contributing funds, goods, and services to, or for the benefit of, a Specially Designated Terrorist, namely, Hamas;
>
> Second: That the defendant under consideration knowingly and willfully became a member of the conspiracy with the intent to further its unlawful purpose;
>
> Third: That one or more of the conspirators knowingly committed at least one overt act for the purpose of furthering the conspiracy charged in Count 11; and
>
> Fourth: That the charged conspiracy existed on or after January 23, 1995 – the date Hamas was designated a Specially Designated Terrorist – and that the defendant under consideration was a member of the conspiracy on or after that date.

You may find that two or more people agreed to violate Executive Order 12947 if you find that two or more individuals agreed to contribute funds, goods or services to or for the benefit of Hamas in violation of that order.

You should interpret the terms "attempt," "knowingly," and "willfully" in accordance with the definitions of those terms previously provided on pages 13 and 16 of these instructions.

## COUNTS 12 THROUGH 21

The defendants HLF, Shukri Abu Baker, and Ghassan Elashi are charged in Counts 12 through 21 with the crime of providing funds, goods and services to a Specially Designated Terrorist, in violation of Title 50, United States Code, Sections 1701 through 1706. While Count 11 charges each defendant with conspiring, *i.e.*, agreeing, to provide funds, goods and services to a Specially Designated Terrorist – namely, Hamas – Counts 12 through 21 charge these three defendants with actually doing so. In other words, these counts of the Indictment charge the substantive crimes which the defendants are charged in Count 11 to have conspired, or agreed, to commit.

In pertinent part, Counts 12 through 21 read as follows:

> On or about the dates listed below, for each count below, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants HLF, Shukri Abu Baker, and Ghassan Elashi, aided and abetted by each other and others known and unknown to the Grand Jury, willfully contributed funds, goods and services to, or for the benefit of, a Specially Designated Terrorist, namely HAMAS, by issuing and causing to be issued wire transfers in the amounts indicated, from the HLF bank accounts in the Northern District of Texas, to the following organizations, which operated on behalf of, or under the control of, HAMAS:

| Count | Date | Amount | Organization |
|-------|------|--------|--------------|
| 12 | 10/20/98 | $12,342 | Ramallah Zakat Committee |
| 13 | 12/31/98 | $50,000 | Islamic Charity Society of Hebron |
| 14 | 12/31/98 | $11,138 | Nablus Zakat Committee |
| 15 | 6/3/99 | $ 8,408 | Jenin Zakat Committee |
| 16 | 9/23/99 | $12,308 | Ramallah Zakat Committee |
| 17 | 9/23/99 | $36,066 | Islamic Charity Society of Hebron |
| 18 | 12/13/99 | $ 8,049 | Tolkarem Zakat Committee |

| 19 | 12/14/99 | $12,570 | Nablus Zakat Committee |
| 20 | 1/17/01 | $10,494 | Qalqilia Zakat Committee |
| 21 | 6/11/01 | $ 6,225 | Qalqilia Zakat Committee |

Title 50, United States Code, Section 1705 makes it a crime for an individual or corporation to willfully violate, or attempt to violate, an executive order. That statute also makes it a crime for an officer, director, or agent of a corporation to knowingly participate in a willful violation of an executive order.

On January 23, 1995, pursuant to the authorities vested in the President by the International Emergency Economic Powers Act (IEEPA), President William J. Clinton issued Executive Order 12947, which specifies that "any transaction or dealing by United States persons or within the United States [with] . . . the persons designated in or pursuant to this order is prohibited, including the making or receiving of any contribution of funds, goods, or services to or for the benefit of such persons." This order identified Hamas as a specially designated terrorist.

Section 1705(b) (IEEPA) of Title 50, United States Code, provides:

> whoever willfully violates any license, order or regulation issued
> under this title [is guilty of a crime.]

50 U.S.C. §§ 1701, 1702, 1705; Executive Order 12947.

Pursuant to Executive Order 12947, the Secretary of the Treasury promulgated regulations to give effect to the President's Executive Order. Those regulations include the following referenced regulations.

Section 595.204 of Title 31 Code of Federal Regulations provides, "except as otherwise authorized, no U.S. person may deal in property or interests in property of a specially designated

terrorist, including the making or receiving of any contribution of funds, goods, or services to or for the benefit of a specially designated terrorist."

Section 595.205 of Title 31 Code of Federal Regulations provides, "any transaction for the purpose of, or which has the effect of, evading or avoiding, or which facilitates the evasion or avoidance of, any of the prohibitions set forth in this part, is hereby prohibited. Any attempt to violate the prohibitions set forth in this part, is hereby prohibited. Any conspiracy formed for the purpose of engaging in a transaction prohibited by this part is hereby prohibited."

Section 595.408 of Title 31 Code of Federal Regulations provides,

(a)     Unless otherwise specifically authorized by the Office of Foreign Assets Control by or pursuant to this part, no charitable contribution or donation of funds, goods, services, or technology to relieve human suffering, such as food, clothing or medicine, may be made to or for the benefit of a specially designated terrorist. For purposes of this part, a contribution or donation is made to or for the benefit of a specially designated terrorist if made to or in the name of a specially designated terrorist; if made to or in the name of an entity or individual acting for or on behalf of, or owned or controlled by, a specially designated terrorist; or if made in an attempt to violate, to evade or to avoid the bar on the provision of contributions or donations to specially designated terrorists.

Section 595.701(a) provides that whoever willfully violates any license, order, or regulation issued under the Act is guilty of a crime.

To find a defendant guilty of the crimes charged in Counts 12 through 21, you must find that the government has proven each of the following elements beyond a reasonable doubt:

First:  That the defendant under consideration himself, or by aiding and abetting another defendant or by being aided or abetted by another defendant, contributed or attempted to contribute funds, goods, or services to or for the benefit of Hamas, a Specially Designated Terrorist, by providing the support listed in the count under consideration to the entity identified in that count; and

Second:  That the defendant under consideration willfully contributed, or attempted to contribute, the support listed in the count under consideration to the entity identified in that count or that the defendant in question was an

officer, director, or agent of the Holy Land Foundation and knowingly participated in that corporation's willful contribution or attempted contribution of the support listed in the count under consideration to the entity identified in that count.

You must decide whether the government has proven both of these elements for each of the ten counts listed in this section as to each defendant. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find one or more of the defendants guilty or not guilty of any of the counts should not control your verdict as to any other count or any other defendant.

I instruct you that Hamas has been a Specially Designated Terrorist since January 23, 1995. Accordingly, you may find that a defendant under consideration contributed funds, goods, or services to or for the benefit of a Specially Designated Terrorist if you find (a) that the entity to which that defendant made the contribution was operating under Hamas's direction or control or if it was organizing, managing, supervising, or otherwise directing the operation of Hamas's personnel or resources and (b) that the defendant under consideration knew that the entity to which the defendant made the contribution was operating under Hamas's direction or control or if it was organizing, managing, supervising, or otherwise directing the operation of Hamas's personnel or resources.

You should interpret the terms "aiding and abetting," "attempt," "knowingly" and "willfully" in accordance with the definitions of those terms previously provided on pages 13 and 16 of these instructions.

A conspirator is responsible for crimes committed by other conspirators if the conspirator was a member of the conspiracy when the crime was committed and if the crime was committed in furtherance of, and as a foreseeable consequence of, the conspiracy. Therefore, if you have first found a defendant under consideration guilty of the conspiracy charged in Count 11, and if you find

beyond a reasonable doubt that during the time that defendant was a member of the conspiracy, other members of the conspiracy committed the crimes in Counts 12 through 21 in furtherance of, and as a foreseeable consequence, of that conspiracy, then you may find the defendant under consideration guilty of the crimes charged in Counts 12 through 21, even though that defendant may not have participated in any of the acts which constitute the crimes charged in Counts 12 through 21.

## COUNT 22

The defendants HLF, Shukri Abu Baker, Ghassan Elashi, Mufid Abdulqader and Abdulrahman Odeh are charged in Count 22 with the offense of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). In pertinent part, Count 22 reads as follows:

> Beginning from on or about January 25, 1995, and continuing until the date of the Indictment, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants HLF, Shukri Abu Baker, Ghassan Elashi, Mufid Abdulqader, Abdulrahman Odeh, and others known and unknown to the Grand Jury, in offenses involving interstate and foreign commerce, transmitted and transferred, and attempted to transmit and transfer, funds from a place within the United States, namely the Northern District of Texas, to places outside the United States, including the West Bank and Gaza, with the intent to promote the carrying on of a specified unlawful activity, to wit, by contributing funds, goods and services to, or for the benefit of, a Specially Designated Terrorist, namely HAMAS.

Title 18, United States Code, Section 1956 prohibits transporting, transmitting or transferring, or attempting to transport, transmit or transfer,

> a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States –
>
> > (A)   with the intent to promote the carrying on of specified unlawful activity.

To find a defendant guilty of the offense charged in Count 22, you must find that the government has proven each of the following elements beyond a reasonable doubt:

> First:  That two or more persons agreed to commit the crime of money laundering;
>
> Second:   That the defendant under consideration joined in it knowingly and willfully, that is, with the intent to promote the carrying on of a specified unlawful activity by willfully contributing funds, goods, or services to, or for the benefit of, a Specially Designated Terrorist, namely, Hamas; and

<u>Third</u>: That one or more of the conspirators knowingly committed at least one overt act for the purpose of furthering the conspiracy charged in Count 22.

You may find that there was an agreement to violate Title 18, United States Code, Section 1956 if you find that two or more people agreed (1) to transport, transmit or transfer, or to attempt to transport, transmit or transfer, (2) funds in the United States to a place outside the United States or funds outside the United States to a place inside the United States, (3) with the intent of contributing funds, goods, or services to or for the benefit of a Specially Designated Terrorist, namely, Hamas.

You should interpret the terms "attempt," "knowingly" and "willfully" in accordance with the definitions of those terms previously provided at pages 13 and 16 of these instructions.

# COUNTS 23 THROUGH 32

The defendants HLF, Shukri Abu Baker, and Ghassan Elashi are charged in Counts 23 through 32 with the offense of money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A). While Count 22 charges each defendant with conspiring, *i.e.*, agreeing, to commit money laundering, Counts 23 through 32 charge each of these three defendants with actually doing so. In other words, these counts of the Indictment charge the substantive crimes which the defendants are charged in Count 22 to have conspired, or agreed, to commit.

In pertinent part, Counts 23 through 32 read as follows:

> On or about each of the dates set forth below, for each count below, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants HLF, Shukri Abu Baker, and Ghassan Elashi, aided and abetted by each other and others known and unknown to the Grand Jury, in offenses involving interstate and foreign commerce, transmitted and transferred, and attempted to transmit and transfer, funds in the amounts indicated, from a place within the United States, namely the Northern District of Texas, to places outside the United States, including the West Bank and Gaza, with the intent to promote the carrying on of a specified unlawful activity, to wit, by willfully contributing funds, goods and services to, or for the benefit of, a Specially Designated Terrorist, namely HAMAS, in violation of Title 50, United States Code, Sections 1701 through 1706 (IEEPA), and punishable under Section 206 of IEEPA (also known as Title 50, United States Code, Section 1705(b)):

| Count | Date | Amount | Organization |
|-------|------|--------|--------------|
| 23 | 10/20/98 | $12,342 | Ramallah Zakat Committee |
| 24 | 12/31/98 | $50,000 | Islamic Charity Society of Hebron |
| 25 | 12/31/98 | $11,138 | Nablus Zakat Committee |
| 26 | 6/3/99 | $ 8,408 | Jenin Zakat Committee |
| 27 | 9/23/99 | $12,308 | Ramallah Zakat Committee |
| 28 | 9/23/99 | $36,066 | Islamic Charity Society of Hebron |

| 29 | 12/13/99 | $ 8,049 | Tolkarem Zakat Committee |
|----|----------|---------|--------------------------|
| 30 | 12/14/99 | $12,570 | Nablus Zakat Committee   |
| 31 | 1/17/01  | $10,494 | Qalqilia Zakat Committee |
| 32 | 6/11/01  | $ 6,225 | Qalqilia Zakat Committee |

Title 18, United States Code, Section 1956 prohibits transporting, transmitting or transferring, or attempting to transport, transmit or transfer,

>  a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States –
>
>  (A) with the intent to promote the carrying on of specified unlawful activity.

To find a defendant guilty of the crimes charged in Counts 23 through 32, you must find that the government has proven each of the following elements beyond a reasonable doubt:

>  First: That the defendant under consideration transported, transmitted or transferred, or attempted to transport, transmit or transfer, a monetary instrument or funds in the United States to a place outside the United States or funds outside the United States to a place inside the United States; and
>
>  Second: That the action described in the first element was committed with the intent to promote the carrying on of the specified unlawful activity.

You must decide whether the government has proven both of these elements for each of the ten counts listed in this section as to each defendant. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find one or more of the defendants guilty or not guilty of any of the counts should not control your verdict as to any other count or any other defendant.

The terms "transport," "transmit" and "transfer" should be accorded their ordinary, everyday meaning. The government need not prove that a defendant physically carried the funds or monetary instruments to prove that a defendant under consideration was responsible for transporting, transmitting or transferring them. All that is required is that the defendant under consideration caused the funds or monetary instruments to be transported, transmitted or transferred.

The term "monetary instruments" means (1) coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders, or (2) investment securities or negotiable instruments, in bearer form or otherwise in such form that title thereto passes upon delivery.

You should interpret the term "attempt" in accordance with the definition of that term previously provided at page 16 of these instructions.

You may find that a defendant under consideration acted with the intent to promote the carrying on of specified unlawful activity if you find that he contributed or attempted to contribute funds, goods, or services to or for the benefit of a Specially Designated Terrorist. I instruct you that Hamas has been a Specially Designated Terrorist since January 23, 1995. Accordingly, you may find that a defendant contributed funds, goods, or services to or for the benefit of a Specially Designated Terrorist if you find (a) that the entity to which the defendant made the contribution was operating under Hamas's direction or control or if it was organizing, managing, supervising, or otherwise directing the operation of Hamas's personnel or resources; and (b) that the defendant under consideration knew that the entity to which the defendant made the contribution was operating under Hamas's direction or control or if it was organizing, managing, supervising, or otherwise directing the operation of Hamas's personnel or resources.

A conspirator is responsible for crimes committed by other conspirators if the conspirator was a member of the conspiracy when the crime was committed and if the crime was committed in furtherance of, and as a foreseeable consequence of, the conspiracy. Therefore, if you have first found a defendant under consideration guilty of the conspiracy charged in Count 22, and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy, other members of that conspiracy committed the crimes in Counts 23 through 32 in furtherance of, and as a foreseeable consequence, of that conspiracy, then you may find the defendant under consideration guilty of the crimes charged in Counts 23 through 32, even though that defendant may not have participated in any of the acts which constitute the crimes charged in Counts 23 through 32.

<u>**COUNT 33**</u>

The defendants Shukri Abu Baker and Ghassan Elashi are charged in Count 33 with the offense of conspiracy to impede and impair the Internal Revenue Service by filing a false return for an Organization Exempt from Income Tax, in violation of Title 18, United States Code, Section 371. That statute makes it illegal for two or more persons to conspire "to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose."

In pertinent part, Count 33 reads as follows:

> In or around and between January 1990 and continuing until the date of the Indictment, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants Shukri Abu Baker and Ghassan Elashi, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree together with themselves and others
>
> a.      to defraud the United States of America and the Internal Revenue Service ("IRS"), an agency thereof, by impeding, impairing, defeating and obstructing the lawful governmental functions of the IRS in the ascertainment, evaluation, assessment and collection of corporate income taxes, in violation of Title 18, United States Code, Section 371; and
>
> b.      to willfully make and subscribe, and aid and assist in the preparation and presentation of, United States Returns of Organization Exempt from Income Tax, Form 990, which were verified by written declarations that they were made under the penalties of perjury and were filed with the IRS, which returns they did not believe to be true and correct as to every material matter in that the returns reported payments to Program Services when in fact the payments were going to HAMAS, in violation of Title 26, United States Code, Section 7206(1).

To establish the violation of Title 18 United States Code, Section 371, alleged in Count 33, the government must have proven each of the following elements beyond a reasonable doubt:

<u>First</u>:  That two or more persons agreed to defraud the Internal Revenue Service or to willfully file a false tax return, as charged in Count 33;

<u>Second</u>:  That the defendant under consideration knowingly and willfully became a member of the conspiracy with the intent to further its unlawful purpose; and

<u>Third</u>:  That one of the conspirators knowingly committed at least one overt act for the purpose of furthering the conspiracy charged in Count 33.

You should interpret the terms "knowingly" and "willfully" in accordance with the definitions of those terms previously provided at page 13 of these instructions.

## COUNTS 34 THROUGH 36

The defendant Shukri Abu Baker is charged in Count 34 and the defendant Ghassan Elashi is charged in Counts 35 and 36 with the offense of filing a false tax return in violation of Title 26, United States Code, Section 7206(1). That statute makes it a crime for a person to willfully make or subscribe "any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter."

While Count 33 charges Shukri Abu Baker and Ghassan Elashi with the crime of conspiracy, *i.e.*, an agreement to defraud the Internal Revenue Service or to impede and impair the Internal Revenue Service by willfully filing a false return for an Organization Exempt from Income Tax, Counts 34 through 36 charge those defendants with actually filing a false tax return. In other words, these counts of the Indictment charge the substantive crimes which these defendants are charged in Count 33 to have conspired, or agreed, to commit. In pertinent part, Counts 34 through 36 read as follows:

> On or about the dates specified below, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants as listed below, did knowingly and willfully make and subscribe United States Returns of Organizations Exempt from Income Tax, Form 990, for the HLF, for the years listed below, which were verified by written declarations that they were made under the penalties of perjury and were filed with the Internal Revenue Service, which informational tax returns each defendant did not believe to be true and correct as to every material matter in that the returns reported payments to Program Services on Line 13 of said returns, whereas each defendant then and there well knew and believed the payments were not used for program services as required by their 501(c)(3) status:

| Count | Year | Date Filed | Defendant |
|-------|------|-----------|-----------|
| 34 | 1998 | 3/11/99 | Shukri Abu Baker |
| 35 | 1999 | 5/8/00 | Ghassan Elashi |
| 36 | 2000 | 8/7/01 | Ghassan Elashi |

For you to find a defendant guilty of the crimes charged in Counts 34 through 36, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

> First:  That the defendant under consideration signed an income tax return that contained a written declaration that it was made under penalties of perjury;

> Second:  That in this return the defendant under consideration falsely stated that the payments on Line 13 of the return were for "Program Services" when in fact the payments were going to Hamas;

> Third:  That the defendant under consideration knew the statement was false;

> Fourth:  That the false statement was material; and

> Fifth:  That the defendant under consideration made the statement willfully, that is, with intent to violate a known legal duty.

You must decide whether the government has proven all of these elements for each of the charges listed in these counts.  Each count, and the evidence pertaining to it, should be considered separately.  The fact that you may find one of the defendants guilty or not guilty of the crimes charged in any of the counts should not control your verdict as to any other count or as to the other defendant.

You may find that a defendant under consideration falsely stated that the amounts listed on Line 13 of the tax return were used for program services if you find that the funds were provided to Hamas.

You may find that a given defendant knew the statement was false if the statement was made "knowingly," as that term has been previously defined at page 13 of these instructions.

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the Internal Revenue Service in investigating or auditing a tax return or in verifying or monitoring the reporting of income or expenditures by a taxpayer. It is not necessary, however, that the Internal Revenue Service actually be influenced or deceived.

To prove a violation of 26 U.S.C. Section 7206(1), the government does not have to show that there was a tax due and owing for the year(s) in issue. Nor need it be shown that the government suffered a monetary loss as a result of the return in issue.

## DUTY TO DELIBERATE – VERDICT FORM

To reach a verdict, all of you must agree.  Your verdict must be unanimous as to each defendant and each count.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case, to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for in each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**SIGNED** this 10th day of November 2008.


_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE