IN THE UNITED STATES OF AMERICA
FOR THE NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-240-P |
| | ) | |
| SHUKRI ABU BAKER (2) | ) | |
| MOHAMMAD EL-MEZAIN (3) | ) | |
| GHASSAN ELASHI (4) | ) | |
| MUFID ABDULQADER (7) | ) | |
| ABDULRAHMAN ODEH (8) | ) | |

**THE COURT'S STATEMENT OF THE EVIDENCE WHEN THE
TRANSCRIPT IS UNAVAILABLE PURSUANT TO FRAP 10(C)**

The District Court referred this matter to the United States Magistrate Judge for hearing, if necessary, and determination (doc. 1420). This Court has reviewed Defendants' Proposed Statement of the Evidence When a Transcript is Unavailable Pursuant to FRAP 10(c) (doc. 1389), filed October 15, 2009, Defendants' Amended Document (doc. 1390), filed October 16, 2009, and the Government's Response (doc. 1391), filed October 26, 2009. This Court finds that a hearing is not required and enters the following statement of the evidence:

The jury in the first trial of this matter commenced deliberations on September 20, 2007. Chief Judge A. Joe Fish was presiding judge of the trial. On October 12, 2007, Chief Judge Fish informed counsel for all parties that the undersigned, United States Magistrate Judge Paul D. Stickney, would be presiding over any issues such as notes from the jury and any verdict that might be returned. The following instructions were disclosed to counsel: if a verdict was reached, the verdict would be sealed until Chief Judge Fish returned on Monday, October 22, 2007. There was no objection to this procedure.

On October 18, 2007, the jury indicated that it had reached partial verdicts (docket #870). This Court assembled counsel in chambers to inform them of the jury note. Counsel for Defendants

requested that the verdict be taken without waiting for the return of Chief Judge Fish.  Counsel for the Government objected, asking this Court to adhere to Chief Judge Fish's original plan to seal the verdict until his return.

This Court convened all counsel in Chief Judge Fish's chambers and informed counsel that Chief Judge Fish, after being informed of the jury's note that it had reached partial verdicts, had requested that this Court seal the verdict.  Further, counsel were informed that Defendant's request that the verdict be taken without delay had been relayed to Chief Judge Fish and denied.

In open court following the in-chambers meeting, this Court received the verdict and placed it under seal.  Ms. Sue Engledow, Court Reporter, was present to transcribe the proceedings both in Chief Judge Fish's chambers and in open court in this matter; however, she is unable to locate the transcription of the proceedings.

In open court on October 18, 2007, when the Court received the verdict, Ms. Marlo Cadeddu, counsel for Mufid Abdulqader, objected to the delay in taking the verdict and all other defense counsel joined in her objection.

This Court enters this statement of the evidence when a transcript is unavailable pursuant to FRAP 10(c).

Signed, February 5, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

2